[654 NYS2d 396]

In the Matter of ALLAN J. KUSLANSKY (Admitted as ALLAN KUSLANSKY), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 3, 1997

#### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains *(Forrest Strauss* of counsel), for petitioner.

*Stockfield & Fixler,* Carmel *(Joseph Fonseca* of counsel), for respondent.

#### OPINION OF THE COURT

Per Curiam.

The respondent was charged with six allegations of professional misconduct. The Special Referee sustained all but the fourth charge. The Grievance Committee now moves to confirm the Referee's report to the extent that Charges One, Two, Three, Five and Six were sustained, and to disaffirm so much of the report as failed to sustain the fourth charge, and the respondent cross-moves, *inter alia,* to confirm the report to the extent that Charges One, Two and Three were sustained, and Charge Four was not sustained, and to disaffirm so much of the report as sustained Charges Five and Six.

Charge One alleged that the respondent neglected a legal matter entrusted to him in violation of Code of Professional Responsibility DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3]), by failing to properly complete and file a client's no-fault insurance claim in a timely fashion, and that such conduct adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]). In or about August 1992, Karen Sambets retained the respondent to commence a personal injury action against Gregory Bunton to recover damages for injuries sustained in a 1992 automobile accident, and to prepare and file a no-fault insurance claim for her. The respondent failed to properly complete and file Ms. Sambets' no-fault insurance claim in a timely fashion. As a result, Ms. Sambets was forced to file a late no-fault claim directly with the insurance carrier.

Charge Two alleged that the respondent failed to file a retainer statement with the Office of Court Administration in connection with *Sambets v Bunton* in violation of 22 NYCRR 691.20 (a) (1), and that such conduct adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]). Charge Three alleged that the respondent failed to file a closing statement with the Office of Court Administration in connection with *Sambets v Bunton* in violation of 22 NYCRR 691.20 (b) (1) and that such conduct adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Charge Four alleged that the respondent engaged in improper fee-splitting with another attorney in violation of Code of Professional Responsibility DR 2-107 (A) (22 NYCRR 1200.12 [a]) by forwarding a portion of the fee that he received in *Sambets v Bunton* to an attorney who had not worked on the matter, and that such conduct adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]). Prior to April 1992, Karen and James Sambets hired an attorney, Kenneth Johnson, to handle certain legal matters for them in their capacity as the principals of Empire Electric Contracting and Management (hereinafter Empire). In or about April 1992, Mr. Johnson referred the Sambets to the respondent in connection with one or more of those matters. Although *Sambets v Bunton* arose well after Mr. Johnson's referral and Mr. Johnson did no work on that case, the respondent nevertheless forwarded to Mr. Johnson approximately $750 of the approximately $2,500 fee he received for it.

Charge Five alleged that the respondent breached his fiduciary duty as an escrow agent by distributing funds he was holding in escrow, and which were owed to a corporation, to the principals of the corporation rather than to the corporation itself. Such conduct adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8]).

Prior to October 1992, Robert Gayton and Lisa Bartalone entered into a contract with Empire in which Empire agreed to be the general contractor supervising the construction of a building for Mr. Gayton and Ms. Bartalone. In or about October 1992 a dispute arose and the parties agreed to modify the contract. Under the terms of the modified contract, Mr. Gayton and Ms. Bartalone were to forward funds owed to Empire to the respondent, and Empire was to give the respondent an affidavit naming each and every contractor, subcontractor, materialman and employee (hereinafter the subcontractors) involved in the construction. The respondent was to use the funds received from Mr. Gayton and Ms. Bartalone for the sole purpose of paying those named subcontractors who had delivered a waiver of lien to him regarding the construction.

On or about October 16, 1992, the respondent distributed approximately $6,800 in escrow funds to Karen and James Sambets and their respective personal creditors. While the respondent advised Mr. Gayton and Ms. Bartalone that he had distributed an aggregate total of $6,800 under the escrow agreement, he did not inform them that the $6,800 had been distributed in three separate checks, or that anyone other than Empire or a named subcontractor was the recipient of those funds. The respondent has acknowledged that his failure to inform Mr. Gayton and Ms. Bartalone of the true nature of the $6,800 distribution was done deliberately, and for the express purpose of concealing from them that Empire was about to file

for bankruptcy. At all times the respondent knew or should have known that his fiduciary duty ran only to Mr. Gayton and Ms. Bartalone and not to the Sambets personally.

Charge Six alleged that by the conduct outlined in Charge Five, the respondent is guilty of engaging in conduct involving dishonesty, fraud, deceit or misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]), by misleading a party to an escrow agreement about the nature of a distribution from the escrow funds that he made as escrow agent.

In view of the evidence adduced during the course of this disciplinary proceeding, the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted, and all of the charges are sustained. The respondent's cross motion is granted only to the extent that Charges One, Two and Three are sustained, and the cross motion is otherwise denied.

In determining an appropriate measure of discipline to impose, we have considered the extensive character evidence submitted by the respondent as well as his previously unblemished record. Under the totality of the circumstances, it is the decision of this Court that the respondent be censured for his misconduct.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and THOMPSON, JJ., concur.

Ordered that the petitioner's motion to confirm in part and disaffirm in part the report of the Special Referee is granted, and all of the charges are sustained; and it is further,

Ordered that the respondent's cross motion is granted only to the extent that Charges One, Two and Three are sustained and the cross motion is otherwise denied; and it is further,

Ordered that the respondent, Allan J. Kuslansky, is censured for his professional misconduct.