[724 NYS2d 889]

In the Matter of WILLIAM HENRY HARRISON, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 14, 2001

*Grace D. Moran,* Syosset (*Robert P. Guido* of counsel), for petitioner.

*Earnest J. Peace,* Mineola, for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was served with a petition containing seven charges of professional misconduct. In his answer, he admitted the factual allegations contained in the petition, with minor exceptions, but denied that he was guilty of any professional misconduct. By stipulation dated July 11, 2000, the petition was amended. Charge Six was withdrawn, and the respondent admitted, in part, the factual allegations of Charge Five. At the hearing, the petitioner's case consisted of 35 exhibits and the testimony of four witnesses. The respondent testified on his own behalf and introduced two exhibits into evidence. At the conclusion of the hearing, the Special Referee sustained Charges One, Two, Four, and Five; failed to sustain Charge Three, and made no finding regarding Charge Seven. The Grievance Committee now moves to confirm the Special Referee's report as to Charges One through Five and to disaffirm the report as to Charge Seven. The respondent argues that Charges Two and Four should not have been sustained, that Charge Five was properly sustained to the extent admitted, and that Charge Seven was properly not sustained.

Charge One alleges that the respondent held himself out as having a partnership with another lawyer when they were not in fact partners, in violation of Code of Professional Responsibility DR 2-102 (b) and (c) (22 NYCRR 1200.7 [b], [c]). In June 1983, the respondent dissolved his law partnership with Alfred Koffler, Esq. Following the dissolution of his partnership with Koffler, from June 1983 through 1989, the respondent continued to practice law under the firm name of Koffler & Harrison or Koffler, Harrison & Klein.

Charge Two alleges that the respondent shared legal fees with a nonlawyer, in violation of Code of Professional Responsibility DR 3-102 (a) (22 NYCRR 1200.17). On September 5, 1978, Thomas Glenn Hoffman began working at the Harrison firm. Hoffman was admitted to the practice of law in California on November 29, 1978. He was suspended in California on December 27, 1979, and reinstated on September 1, 1987. On November 3, 1993, he was admitted to the practice of law in

New York. From April 1985 through August 1987, the respondent shared legal fees with Hoffman.

Charge Four alleges that the respondent improperly divided fees for legal services with another lawyer, in violation of Code of Professional Responsibility DR 2-107 (a) (22 NYCRR 1200.12 [a]). From February 1988 through October 1991, the respondent improperly divided fees for legal services with Hoffman.

Charge Five alleges, as amended, that from 1987 to 1993, the respondent failed to preserve and maintain for the required seven years, bookkeeping records for his business operating account in connection with his practice of law, in violation of Code of Professional Responsibility DR 9-102 (d) and (i) (22 NYCRR 1200.46 [d], [i]).

Charge Seven alleges that by engaging in the foregoing misconduct, the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (8) (now [7]) (22 NYCRR 1200.3 [a] [7]).

Based on the evidence adduced at the hearing, including the respondent's admissions, all of the above charges are sustained.

In determining the appropriate measure of discipline to impose the respondent asks the Court to consider the remoteness in time of his misconduct, which occurred during a four-year period that began 14 years ago. Furthermore, during that period, he was primarily responsible for the care of his two young children and his wife, who was emotionally disturbed and eventually became suicidal. At the end of the period in question, his wife abandoned him and their children, severely traumatizing the children. During this period he relied heavily on Hoffman and, with his assistance, operated a substantial law practice.

The respondent's prior disciplinary history consists of a letter of admonition and a public censure.

Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of one year.

BRACKEN, P. J., O'BRIEN, RITTER, SANTUCCI and ALTMAN, JJ., concur.

Ordered that the petitioner's motion is granted, and Charges One, Two, Four, Five, and Seven are sustained; and it is further,

Ordered that the respondent, William Henry Harrison, Jr., is suspended from the practice of law for a period of one year, commencing June 14, 2001, and continuing until the further

order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof that (a) during the said period he refrained from practicing or attempting to practice law, (b) he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10), and (c) he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, William Henry Harrison, Jr., shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.