[730 NYS2d 503]

In the Matter of HOWARD D. DEUTSCH, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 2, 2001

### APPEARANCES OF COUNSEL

*Stephen P. McGoldrick* of counsel (*Thomas J. Cahill,* attorney), for petitioner.

*Michael S. Ross* of counsel (*LaRossa & Ross,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Howard D. Deutsch, was admitted to the practice of law by the First Judicial Department on June 30,

1972. At all times relevant to the instant proceeding, respondent maintained an office for the practice of law within the First Judicial Department.

Respondent was charged in the United States District Court for the Southern District of New York in a superseding indictment filed on January 31, 2000 with conspiracy to submit false visa applications to the Immigration and Naturalization Service (INS) and conspiracy to obstruct justice in violation of 18 USC § 371, obstruction of an INS investigation in violation of 18 USC §§ 1505 and 1502, and witness tampering in violation of 18 USC § 1512 (b) (1) and (3).

On or about April 6, 2000, respondent was found guilty, after a jury trial, of all of the aforementioned charges. On July 5, 2000, respondent was sentenced to 37 months in jail, to run concurrently on each count, three years supervised release, and ordered to pay a $7,500 fine. Respondent appealed and, in a decision dated February 16, 2001, the United States Court of Appeals unanimously affirmed his conviction (*United States v Dessange, Inc.*, 2001 WL 138290, 2001 US App LEXIS 2514 [2d Cir]).

The Departmental Disciplinary Committee (DDC) now seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that he had been automatically disbarred upon his conviction, as defined by Judiciary Law § 90 (4) (e) or, in the alternative, determining that respondent has been convicted of a "serious crime," as defined by Judiciary Law § 90 (4) (d), and requiring respondent, upon his release from prison, to show cause before the Committee, which shall thereupon hold a hearing and issue a report and recommendation to the Court why a final order of censure, suspension or disbarment should not be made. The Committee also seeks respondent's immediate suspension from the practice of law until further order of this Court.

Judiciary Law § 90 (4) (e) provides:

> "For purposes of this subdivision, the term felony shall mean any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state."

The Committee asserts that the criminal conduct underlying respondent's witness tampering conviction (18 USC § 1512 [b]) is a basis for automatic disbarment since it is "essentially similar" to the New York offense of tampering with physical evidence (Penal Law § 215.40 [2]), a class E felony. The Federal felony, however, need not be a "mirror image" of the New York felony in that it need not correspond precisely in every detail, but it must be essentially similar (*see, Matter of Margiotta,* 60 NY2d 147, 150). The Committee relies on the facts underlying respondent's witness tampering conviction and statements made by the United States Court of Appeals in affirming respondent's conviction.

Respondent was a senior partner in an immigration law firm bearing his name and that of his junior partner Libby Salberg. Jacques Dessange, Inc. (JDI) is the New York subsidiary of a French company that owns hair salons around the world. Between 1994 and 1997, respondent, Salberg and JDI conspired to submit, and did submit, more than 30 fraudulent visa applications to the INS on behalf of hairdressers that JDI brought to the United States to staff a nationwide chain of new hair salons. The visa applications falsely represented that the applicants would hold management positions with JDI in New York.

In April 1996, the INS began a criminal investigation of JDI. Following a raid on a Dallas-based JDI franchise, JDI asked the law firm to turn over all of its immigration files. In May 1998, the month before the firm returned the files to JDI, respondent removed incriminating documents from the client files and inserted certain exculpatory ones, which he fabricated to appear genuine. These three fabricated, handwritten letters bearing respondent's signature were addressed to JDI's United States representative and supplied innocent explanations for respondent's role in the submission of false visa applications, explanations that were geared to the charges being investigated by the INS.

Based upon the foregoing, the DDC maintains that the Federal felony of witness tampering (18 USC § 1512 [b]) is "essentially similar" to the New York felony of tampering with physical evidence (Penal Law § 215.40 [2]). 18 USC § 1512 (b) provides, in pertinent part:

> "Whoever knowingly * * * engages in misleading conduct toward another person, with intent to—

> "(1) influence, delay, or prevent the testimony of any person in an official proceeding; [or] * * *

"(3) hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission * * * of a Federal offense [shall be guilty of a crime]."

Penal Law § 215.40 (2) states, in relevant part, as follows:

"A person is guilty of tampering with physical evidence when: * * *

"2. Believing that certain physical evidence is about to be produced or used in an official proceeding or a prospective official proceeding, and intending to prevent such production or use, he suppresses it by any act of concealment, alteration or destruction, or by employing force, intimidation or deception against any person."

Petitioner urges that this Court look beyond the statutory language and consider respondent's underlying conduct as set forth in the indictment and the evidence at trial in determining whether essential similarity between the elements of the Federal offense and the New York felony have been established. In addition, petitioner notes that respondent's destruction and creation of documents were specifically cited and relied upon by the judge in determining respondent's sentence.

In opposition, respondent contends that his crime, while a Federal felony, does not mandate his automatic disbarment, but is rather a "serious crime," requiring a hearing upon his release from prison. In support, respondent claims that the broad Federal statute covers any misleading conduct intended to improperly influence the testimony of a witness or to interfere with the communication of information to law enforcement, whereas the "core" element of the New York statute is based upon the suppression, concealment or alteration of physical evidence only. Respondent maintains that since there is no "core" similarity between the two statutes, as long as the jury found that he had engaged in any act towards another person with intent to influence that person's official testimony, regardless if it included the use of physical evidence, he would have violated 18 USC § 1512.

In reply, petitioner acknowledges that while 18 USC § 1512 (b) covers a wide range of conduct, tampering with physical evidence is, under certain circumstances present here, within its purview. Petitioner points to the United States Court of Appeals' decision that affirmed respondent's conviction:

"The jury could reasonably have concluded that Deutsch submitted the phoney letters to JDI with the intent of influencing JDI's future grand jury testimony or communications to federal investigators * * *. Deutsch could expect that JDI would act through counsel in producing documents or in response to official inquiry, and that JDI, acting through its criminal defense attorney, would not realize that documents in the file of the client's lawyer were fabricated. This is precisely the theory that the government advanced (and the jury evidently accepted) during its closing argument" (*United States v Dessange, Inc.*, 2001 WL 138290, *2, 2001 US App LEXIS 2514, *5-6, *supra*).

Read in isolation, the language of the two statutes might not appear to be "essentially similar;" however, considering the circumstances surrounding respondent's fabrication of exculpatory documentation and the deletion of other material, fully knowing that an INS investigation was ongoing and that the basis of the witness tampering was respondent's removal and creation of physical evidence, the two statutes are analogous. Under the circumstances, respondent was automatically disbarred upon his conviction.

Accordingly, the petition of the Committee should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law.

ROSENBERGER, J. P., NARDELLI, ELLERIN, WALLACH and RUBIN, JJ., concur.

Petition granted, and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York nunc pro tunc to July 5, 2000.