[782 NYS2d 438]

In the Matter of SANFORD I. FREEDMAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, October 12, 2004

---

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Jun Hwa Lee* of counsel), for petitioner.

*Sanford I. Freedman*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Sanford I. Freedman was admitted to the practice of law in New York by the First Judicial Department on March 26, 1962. At all times relevant to this proceeding, respondent has maintained an office for the practice of law in this Judicial Department.

In 2002, respondent was charged along with other named defendants in a 50-count indictment in the United States District Court for the Southern District of New York stemming from his participation in a complex scheme to defraud several financial institutions of approximately $100 million in assets. Specifically, he was charged with: conspiracy to commit bank fraud in violation of 18 USC § 371; bank fraud in violation of 18 USC §§ 1344 and 2 (five counts); making false statements in violation of 18 USC §§ 1014 and 2 (seven counts); making false statements to federal agents in violation of 18 USC § 1001; and perjury in violation of 18 USC § 1623. The perjury count charged respondent with having taken an oath to testify truthfully before the United States Bankruptcy Court and that he unlawfully, willfully, and knowingly made false material declarations.

On February 3, 2004, respondent was found guilty, after a jury trial, of conspiracy to commit bank fraud (18 USC § 371), four counts of bank fraud (18 USC §§ 1344, 2), six counts of making false statements (18 USC §§ 1014, 2), and perjury (18 USC § 1623).

The Departmental Disciplinary Committee (Committee) now petitions this Court for an order pursuant to Judiciary Law § 90 (4) (b) striking respondent's name from the roll of attorneys upon the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e).

The Committee contends that the federal felony of perjury of which respondent stands convicted is "essentially similar" to a New York felony and, consequently, provides a proper predicate for his automatic disbarment under Judiciary Law § 90 (4) (b) (*see Matter of Margiotta*, 60 NY2d 147, 149 [1983]). Specifically, the Committee asserts that perjury in violation of 18 USC § 1623 is "essentially similar" to the New York felony of perjury in the first degree, in violation of Penal Law § 210.15.

We agree. As this Court found in *Matter of McSherry* (275 AD2d 103, 104 [2000]), respondent's conviction of perjury is a proper predicate for automatic disbarment because "a violation of 18 USC § 1623 is essentially similar to the felony of perjury in the first degree under Penal Law § 210.15 (*Matter of Gellene*, 246 AD2d 109; *Matter of DeSalvo*, 189 AD2d 322)."

Additionally, although not raised by the Committee, we find that respondent's convictions for conspiracy to commit bank fraud and bank fraud also provided independent grounds for his automatic disbarment (*see Matter of Landan*, 231 AD2d 303 [1997] [federal felony of bank fraud essentially similar to New York felonies of grand larceny in the second degree and scheme to defraud in the first degree]; *see Matter of Kim*, 209 AD2d 127 [1995] [conspiracy to commit bank fraud in violation of 18 USC § 371 found to be essentially similar to New York felony of scheme to defraud in first degree]).

In response, respondent, pro se, has submitted an affidavit acknowledging his convictions and that, pursuant to Judiciary Law § 90 (4) (b), his name must be stricken from the rolls as of the date of his conviction.

Inasmuch as respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony, the petition should be granted and respondent's name stricken from the rolls of attorneys in the State of New York nunc pro tunc to February 3, 2004, the date of conviction.

LERNER, J.P., MARLOW, GONZALEZ, SWEENY and CATTERSON, JJ.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to February 3, 2004.