[798 NYS2d 18]

In the Matter of RICHARD T. ROBERTS (Admitted as RICHARD TODD ROBERTS), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 28, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond J. Vallejo* of counsel), for petitioner.

No appearance for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent Richard T. Roberts was admitted to the practice of law in the State of New York by the First Judicial Department on July 16, 1990 as Richard Todd Roberts. At all times pertinent to this proceeding, he maintained his principal place of business in this Judicial Department.

In 2004, respondent was charged in an information filed in the United States District Court in the Southern District of New York, with making false statements in violation of 18 USC § 1001. He admitted that upon leaving a job with the New York City Department of Housing Preservation and Development (HPD), he accepted the use of a car purchased by the New York City Housing Development Corporation (HDC). The federal information charged him with having "unlawfully, willingly and knowingly made materially false, fictitious and fraudulent statements" in connection with the use of that vehicle in violation of 18 USC § 1001. At his plea allocution, respondent admitted that when questioned about the matter, he knowingly made false statements to the United States Attorney's office, and to the grand jury, and that he did not admit using the vehicle for purely personal purposes from August 2000 through late 2001. The court found this allocution sufficient to support the conviction. As of the return date of this motion, respondent had not yet been sentenced.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys in New York pursuant to Judiciary Law § 90 (4) (b) upon the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Because 18 USC § 1001 does not have a specific state analog, we must examine the federal information in conjunction with respondent's plea allocution, to determine whether the crime of which respondent stands convicted is "essentially similar" to the New York felony of perjury in the first degree under Penal Law § 210.15 (*see Matter of Mercado*, 1 AD3d 54, 55-56 [2003]). A person is guilty of first degree perjury when he or she swears falsely and, when the false statement "(a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made" (Penal Law § 210.15). These elements were all established by the federal information and respondent's admissions at his plea.

Because the respondent's federal conviction is "essentially similar" to a state felony, it serves as a predicate for automatic disbarment under Judiciary Law § 90 (4) (b) (*Matter of Margiotta*, 60 NY2d 147, 149 [1983]; *see e.g. Matter of Freedman*, 11 AD3d 172, 173 [2004]).

Accordingly, the petition of the Departmental Disciplinary Committee for the First Judicial Department should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc to August 31, 2004, the date of respondent's conviction.

BUCKLEY, P.J., TOM, MAZZARELLI, ELLERIN and GONZALEZ, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to August 31, 2004.