[819 NYS2d 29]

In the Matter of ROBERT S. GROSSMAN (Admitted as ROBERT SAMUEL GROSSMAN), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, July 13, 2006

APPEARANCES OF COUNSEL

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond J. Vallejo* of counsel), for petitioner.

*Robert S. Grossman*, respondent pro se.

**OPINION OF THE COURT**

Per Curiam.

Respondent Robert S. Grossman was admitted to the practice of law in New York by the First Judicial Department on April 7, 1980, as Robert Samuel Grossman. At all times relevant to this proceeding, respondent maintained his principal place of business at the law firm of Greenberg Traurig, LLP in Philadelphia, Pennsylvania.

On May 9, 2005, respondent was charged in an information filed in the United States District Court for the Western District of Virginia with making false statements in violation of 18 USC § 1001, a felony under the United States Code. Also on May 9, 2005, pursuant to a plea agreement, respondent pleaded guilty to the information. On August 26, 2005, respondent was sentenced to four months imprisonment, two years of supervised release, and ordered to pay a $2,000 fine and an assessment of $100.

The Departmental Disciplinary Committee seeks an order: (1) striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) or, in the alternative; (2) determining that the crime of which respondent has been convicted is a "serious crime" within the meaning of Judiciary Law § 90 (4) (d); (3) immediately suspending respondent from the practice of

law pursuant to Judiciary Law § 90 (4) (f); and (4) directing respondent to show cause pursuant to Judiciary Law § 90 (4) (g) why a final order of censure, suspension or disbarment should not be made.

Respondent, pro se, in a motion in opposition to petition, seeks denial of the petition or, in the alternative, that he be suspended from the practice of law for a period of one year or less.

A conviction of a federal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law (*see Matter of Kim*, 209 AD2d 127 [1995]; Judiciary Law § 90 [4] [e]). The federal felony need not be a "mirror image" of the New York felony but it must be essentially similar (*see Matter of Freedman*, 11 AD3d 172 [2004]). Essential similarity may be established by considering admissions made under oath during a respondent's plea allocution, which may be read in conjunction with the indictment or information (*Matter of Mercado*, 1 AD3d 54, 55-56 [2003]; *Matter of Peiffer*, 274 AD2d 158, 159 [2000]).

The federal information charged respondent did "knowingly and willfully make *false*, fraudulent, and fictitious *material*, statements and representations" in that during a creditor's meeting for a reorganization under chapter 11 of the Bankruptcy Code, respondent testified under oath that there was more than $100,000 in a particular bank account, that a small amount of money (less than $1,000) might have been drawn from the account on one occasion, long before respondent's bankruptcy was filed, and that there had been no other monies withdrawn from the account (emphasis added).

During the plea hearing, the government called an FBI agent to testify about the investigation into the bankruptcy proceeding and respondent's false statement. The FBI agent testified that on October 2, 1996, respondent made a false statement at a bankruptcy hearing, specifically a creditor's meeting involving Virginia Partners, LP, a partnership that owned property in Charlottesville, Virginia, which he controlled. Respondent's false statement involved the violation of a lock box agreement the partnership had with General Electric Capital Corporation, the mortgagee of the property. Respondent, under oath, testified falsely about the existence of a bank account which purportedly held at least $100,000 in rental payments, and that he had only made one withdrawal from that account for less than $1,000. In fact, respondent had never set up a separate account to collect

the rental payments. Rather, he diverted those funds to a personal bank account and used those funds for his own personal expenses.

Shortly thereafter, in February 1997, respondent changed his story and admitted that his statements in October 1996 were false. When the FBI interviewed respondent in 2000, he confirmed what he had said in the February 1997 hearing. Five years after that, in March 2005, respondent entered into the plea agreement. At the plea hearing respondent did not dispute or object to any of the FBI agent's testimony and entered his plea of guilty to the information.

Respondent's conviction of making false statements in violation of 18 USC § 1001 is "essentially similar" to the New York felony of perjury in the first degree (Penal Law § 210.15) and, consequently, provides a proper predicate for his automatic disbarment under Judiciary Law § 90 (4) (b) (see Matter of Margiotta, 60 NY2d 147, 149 [1983]). A person is guilty of first degree perjury when he or she swears falsely and when the false statement "(a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made" (Penal Law § 210.15). Here, respondent testified falsely about matters material to the bankruptcy proceeding and, therefore, both elements of perjury in the first degree have been satisfied. The fact that respondent corrected his false statement a few months later is irrelevant. The information and admissions made during the plea allocution are sufficient to establish the elements of the New York felony of perjury in the first degree. Hence, respondent's conviction is essentially similar to perjury in the first degree (Matter of Roberts, 21 AD3d 108 [2005] [attorney automatically disbarred after pleading guilty to making a false statement in violation of 18 USC § 1001, where the elements of the New York felony, perjury in the first degree, were established by the federal information and his plea admission]).

Accordingly, the Committee's petition should be granted, and respondent's name stricken from the roll of attorneys and counselors-at-law pursuant to Judiciary Law § 90 (4) (a), effective nunc pro tunc to May 9, 2005, the date of his conviction, and respondent's motion denied.

BUCKLEY, P.J., TOM, SAXE, SULLIVAN and WILLIAMS, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York effective nunc pro tunc to May 9, 2005; respondent's verified motion is denied.