OPINION OF THE COURT
Per Curiam.
Respondent Steven M. Coren was admitted to the practice of law in the State of New York by the Second Judicial Department on April 5, 1978. At all relevant times, respondent maintained an office for the practice of law within the First Department..
On March 20, 2009, respondent pleaded guilty, in the United States District Court for the Eastern District of New York, to all 16 counts of a superceding indictment, which charged him with mail fraud, wire fraud, money laundering, conspiracy to commit money laundering and obstruction of justice (tampering with physical evidence), in violation of, respectively, 18 USC §§ 1341, 1343, 1956 (a), (h) and § 1512 (c), all federal felonies.
On or about July 13, 2009, respondent moved to dismiss the indictment for failure to state an offense and to withdraw his guilty plea; the motion was denied and on February 17, 2010, respondent was sentenced to 30 months’ incarceration. Respondent was convicted in connection with his and his clients’ scheme to defraud the United States Government, conspiring to launder funds, and to obstruct a federal grand jury investigation by directing a client to destroy documents related to the scheme. The scheme consisted of creating the appearance that laborers working for respondent’s contractor-clients, who were awarded construction contracts by federal agencies, were being paid prevailing wages under the federal Davis-Bacon Act (40 USC § 3141 et seq.) and New York Labor Law § 220 et seq. by means of creating a special trust, when, in fact, the money placed into the trust was pocketed by respondent’s clients. Respondent and his clients created such an appearance by submitting false payroll information to the contracting public agencies and certifying under the penalties of perjury that they had complied with applicable prevailing wage requirements.
The Departmental Disciplinary Committee (Committee) is now seeking an order striking respondent’s name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (b) upon the ground that respondent was automatically disbarred as a result of his conviction of federal felonies that would constitute felonies if convicted under New York law (Judiciary Law § 90 [4] [e]). Respondent opposes, arguing that the crimes for which he was *287 convicted constitute “serious crimes” within the meaning of Judiciary Law § 90 (4) (d), but denies any “essential similarities” between the applicable state and federal statutes identified by the Committee, and asks that this proceeding be converted from that of automatic disbarment to that of a “serious crime” matter. A conviction of a federal felony does not trigger automatic disbarment unless the offense would constitute a felony under New York’s Penal Law (Judiciary Law § 90 [4] [e]; Matter of Rosenthal, 64 AD3d 16, 18 [2009]). The federal felony need not be a “mirror image” of the New York felony, but it must be essentially similar (Matter of Margiotta, 60 NY2d 147, 150 [1983]). Here, respondent’s federal conviction of obstruction of justice in violation of 18 USC § 1512 (c) is essentially similar to the New York felony of tampering with physical evidence. Accordingly, the Committee’s petition to strike respondent’s name from the roll of attorneys is granted.
Respondent’s conviction for obstruction of justice in violation of 18 USC § 1512 (c) is a proper predicate for disbarment because there is “essential similarity” between that federal statute and the New York felony of tampering with physical evidence (Penal Law § 215.40 [2]).
While these statutes are not “mirror images,” they are essentially similar. The only significant difference is the element of force or intimidation with respect to another person in Penal Law § 215.40 (2), but that language is framed in the alternative and does not necessarily apply in every proceeding.
Respondent’s indictment, inter alia, contained the following language:
“Steven Coren, together with others, did knowingly, intentionally and corruptly alter, destroy, mutilate and conceal records, documents, and other objects, and attempt to do so, with the intent to impair their integrity and availability for use in an official proceeding, to wit: a Federal Grand Jury Investigation in the Eastern District of New York . . .
“30. Between November 2005 and April 2007, a duly empaneled Grand Jury in the Eastern District of New York was . . . investigating Fraudulent Scheme #2. On or about January 12, 2006, the defendant Steven Coren was informed by [Cooperating Witness-3] that Corporation-3 was under investiga *288 tion by a law enforcement agency and that law enforcement officials had obtained certified payrolls submitted by Corporation-3 for work it performed as a subcontractor on various state and federal projects.
“31. On or about and between January 13, 2006 and February 3, 2006, the defendant Steven Cohen advised [Cooperating Witness-3] and [Cooperating Witness-4] to conceal and destroy records, documents and other objects relating to the transfer of CBT funds to labor union benefit funds.”
Respondent’s plea allocution with respect to this charge was as follows:
“[Regarding the count in the indictment charging obstruction of justice, I admit that on February 3, 2006,1 advised Nomi Beig [his client] in response to a question he posed to me that he should destroy a computer flash drive containing documents that I advised him to remove from his office when I heard that his company was under investigation. I knew that by doing so Nomi would be destroying documents that could have been used in a Government investigation.”
The above allocution, taken in conjunction with the indictment, demonstrates the “essential similarity” between the federal and state statutes. Assuming Beig was a cooperating witness, respondent could be found guilty only of attempted, rather than actual, evidence tampering. While 18 USC § 1512 (c) specifically includes “attempt” language, Penal Law § 215.40 does not. Furthermore, under Penal Law § 110.05 (7), an attempt to commit a crime under Penal Law § 215.40 would only be a class A misdemeanor. Moreover, respondent’s allocution only refers to his directing someone else to destroy evidence, rather than respondent himself. However, respondent was specifically charged in the indictment, and ultimately convicted for, actual evidence tampering, not attempted evidence tampering. Thus, under these circumstances the conviction under this charge is sufficient to strike respondent’s name from the roll of attorneys (see Matter of Deutsch, 286 AD2d 91 [2001]).
Accordingly, the Committee’s petition to strike respondent’s name from the roll of attorneys should be granted effective nunc pro tunc to March 20, 2009.
*289 Mazzarelli, J.E, Andrias, Saxe, Catterson and Acosta, JJ., concur.
Respondent’s name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to March 20, 2009.