[937 NYS2d 916]

In the Matter of MOHAMMED J. ATHARI, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE FIFTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, February 10, 2012

**APPEARANCES OF COUNSEL**

*Mary E. Gasparini, Senior Counsel, Fifth Judicial District Grievance Committee*, Syracuse, for petitioner.

*Peter M. Hobaica,* Utica, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by the Appellate Division, Third Department on January 26, 1999, and maintains an office in Utica. The Grievance Committee filed a petition charging respondent with acts of professional misconduct, including failing to comply with two court orders, falsely notarizing client signatures on certain documents and failing to comply with the former Disciplinary Rules of the Code of Professional Responsibility regarding the maintenance of trust account funds and required records. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Prior to the hearing, the parties resolved all outstanding factual issues and amended pleadings were filed. Based upon the amended pleadings, the Referee filed a report, which the Grievance Committee moves to confirm. Respondent opposes the motion in part, and he appeared before this Court and submitted matters in mitigation.

The Referee found that, in May 2005, Supreme Court, Oneida County, entered an order directing respondent to deposit into his trust account certain legal fees pending the resolution of a dispute between respondent and another law firm regarding his entitlement to the fees. The Referee further found that, although respondent initially deposited the disputed legal fees into his trust account, he disbursed funds from his trust account for a personal matter in June 2005, causing the balance in that account to fall below the amount necessary to comply with the order of the court.

With respect to a separate matter, the Referee found that, in September 2005, Supreme Court, Monroe County, entered an order directing respondent to deposit into his trust account certain legal fees pending the resolution of a dispute between respondent and another law firm regarding his entitlement to the fees. The Referee further found that respondent thereafter deposited into his trust account only a portion of the fees necessary to comply with the order of the court.

With respect to a separate arbitration proceeding in which respondent was a party, the Referee found that, in June 2006, the arbitrator struck respondent's pleading based upon his "aggravated and total resistance" to certain subpoenas seeking the production of documents possessed by respondent and his law

firm. The Referee further found that Supreme Court, Albany County, thereafter confirmed the arbitrator's determination and the sanction imposed.

In addition to respondent's conduct related to the above matters, the Referee found that, from March 2004 through January 2006, respondent signed certain authorizations for the release of records on behalf of 11 separate clients in personal injury matters, falsely notarized the signatures and sent the authorizations to various healthcare facilities and municipal agencies to obtain information regarding his clients.

With respect to the alleged trust account violations, the Referee found that, from May 2005 through December 2008, respondent maintained personal funds in his trust account, disbursed funds from his trust account for matters unrelated to client matters, failed to keep adequate records regarding the transactions in his trust account and failed to maintain a balance in the account sufficient to satisfy his obligations to his clients. In addition, the Referee found that, from November 2007 through December 2008, respondent issued three checks drawn on his trust account that were rejected for insufficient funds.

Finally, the Referee found that, from August 2002 through October 2004, respondent as a matter of course failed to disclose to his clients in certain personal injury matters the existence of a fee-sharing joint venture between his law firm and two other law firms.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on his honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 2-107 (a) (1) (22 NYCRR 1200.12 [a] [1])—dividing a fee for legal services with another lawyer who is not a partner in or associate of the lawyer's law firm without client consent after full disclosure to the client that a division of fees will be made;

DR 7-102 (a) (4) (22 NYCRR 1200.33 [a] [4])—knowingly using perjured testimony or false evidence in the representation of a client;

DR 7-102 (a) (5) (22 NYCRR 1200.33 [a] [5])—knowingly making a false statement of law or fact in the representation of a client;

DR 7-102 (a) (8) (22 NYCRR 1200.33 [a] [8])—knowingly engaging in illegal conduct or conduct contrary to a disciplinary rule in the representation of a client;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—misappropriating client funds and commingling client funds with personal funds;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds, securities and other properties of a client or third person coming into his possession and to render appropriate accounts to the client or third person regarding them;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain required records of bank accounts;

DR 9-102 (d) (2) (22 NYCRR 1200.46 [d] [2])—failing to maintain a record for special accounts, showing the source of all funds deposited in such accounts, the names of all persons for whom the funds are or were held, the amount of such funds, the description and amounts, and the names of all persons to whom such funds were disbursed; and

DR 9-102 (j) (22 NYCRR 1200.46 [j])—failing to produce required bookkeeping records in response to a notice issued by the Grievance Committee.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including that his failure to comply with the court orders and his violation of the disciplinary rules relating to his trust account were the result of inattentiveness rather than venal intent, and that he has obtained the assistance of a certified public accountant to monitor his trust account. We have further considered, with respect to the falsely notarized authorizations, that respondent did not engage in the misconduct with the intent to harm his clients or personally to benefit from the misconduct. Finally, we have considered the previously unblemished record of respondent and his expression of extreme remorse. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

SMITH, J.P., FAHEY, CARNI, SCONIERS and GORSKI, JJ., concur.
Order of censure entered.