[17 NYS3d 712]

In the Matter of Robert S. Bardey (Admitted as Robert Simon Bardey), an Attorney, Respondent. Departmental Disciplinary Committee for the First Judicial Department, Petitioner.

First Department, October 20, 2015

### APPEARANCES OF COUNSEL

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Robert S. Bardey was admitted to the practice of law in the State of New York by the First Judicial Department on December 10, 1962, under the name Robert Simon Bardey. At all times relevant herein, respondent maintained a registered address within the First Department.

The Departmental Disciplinary Committee now moves for an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90 (4) (b), on the grounds that he was convicted of a felony as defined by Judiciary Law § 90 (4) (e).

On October 28, 2014, respondent was convicted, after a jury trial, in the United States District Court for the Eastern District of New York, of conspiracy to commit wire fraud, wire fraud (two counts), and perjury, in violation of 18 USC §§ 1343 and 1349, 18 USC § 1343 and 18 USC § 1623, respectively. On April 21, 2015, respondent, who is 82 years old, was sentenced to five years of probation, 300 hours of community service, and directed to pay $5,001,949 in restitution.

Respondent's conviction stems from his participation in a scheme by which he and others defrauded an investor by representing that they collaborated with hedge funds and wealthy investors who were willing to "lease" funds and set up bank accounts in client names, which contained the leased funds in exchange for a substantial fee. Based on this and other similar misrepresentations, the victim was induced to invest $5 million in order to "lease" a credit line of $100 million, which supposedly would generate millions in future profits. In furtherance of the scheme, respondent and his codefendants falsely represented that the funds would be held in his attorney escrow account pending the opening of a bank account with the leased funds, and they sent the victim fabricated documentation of the alleged $100 million bank account. In actuality, respondent and his codefendants distributed the investor's $5 million among themselves for their own personal

use. In addition, while under oath before a federal grand jury, respondent knowingly and intentionally made false material declarations regarding his disbursement of escrow funds in connection with the scheme.

The Committee contends that automatic disbarment is warranted because respondent's federal conviction for perjury in violation of 18 USC § 1623 would constitute the New York felony of perjury in the first degree, a class D felony (Penal Law § 210.15), if committed within this state. Although respondent was served with the instant petition at his last known address, he has not submitted a response

A conviction of a federal felony does not trigger automatic disbarment unless the federal felony at issue would constitute a felony under New York Penal Law (Judiciary Law § 90 [4] [e]; *Matter of Rosenthal*, 64 AD3d 16, 18 [1st Dept 2009]). The federal felony does not have to be a "mirror image" of a New York felony, but must be "essentially similar" (*Matter of Margiotta*, 60 NY2d 147, 150 [1983]). Essential similarity can be established by comparing the language of the applicable federal and state felony statutes, as well as by examining its own precedent. If this analysis is inconclusive, essential similarity can be determined by plea admissions or evidence adduced at trial, read in conjunction with the indictment or information (*Matter of Adams*, 114 AD3d 1, 2-3 [1st Dept 2013]; *Matter of Deutsch*, 286 AD2d 91 [1st Dept 2001]). Here, essential similarity is demonstrated by a comparison of the two statutes. 18 USC § 1623 provides: "[w]hoever under oath . . . in any proceeding before or ancillary to any court or grand jury of the United States knowingly makes any false material declaration . . . shall be fined under this title or imprisoned not more than five years, or both." Penal Law § 210.15 provides: "[a] person is guilty of perjury in the first degree when he swears falsely and when his false statement (a) consists of testimony, and (b) is material to the action, proceeding or matter in which it is made."

Furthermore, we have previously found a federal perjury conviction under 18 USC § 1623 to be analogous to the New York felony of perjury in the first degree under Penal Law § 210.15 based on facial similarity of the statutory language (*see e.g. Matter of Freedman*, 11 AD3d 172 [1st Dept 2004]; *Matter of McSherry*, 275 AD2d 103 [1st Dept 2000]; *Matter of Gellene*, 246 AD2d 109 [1st Dept 1998]).

Accordingly, the Committee's petition should be granted, and respondent's name stricken from the roll of attorneys and

counselors-at-law in the State of New York pursuant to Judiciary Law § 90 (4) (b), effective nunc pro tunc to his October 28, 2014 date of conviction.

FRIEDMAN, J.P., ACOSTA, SAXE, GISCHE and KAPNICK, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to October 28, 2014.