[28 NYS3d 370]

In the Matter of SHELDON SILVER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 29, 2016

**APPEARANCES OF COUNSEL**

*Jorge Dopico, Chief Counsel, Departmental Disciplinary Committee,* New York City (*Jeremy S. Garber* of counsel), for petitioner.

*Stroock & Stroock & Lavan LLP* (*Joel Cohen* of counsel), for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Sheldon Silver was admitted to the practice of law in the State of New York by the First Judicial Department on March 31, 1969. At all times relevant herein, respondent was "of counsel" to a law firm that has an office located within the First Judicial Department. In addition, respondent was also the Speaker of the New York State Assembly representing the assembly district located in lower Manhattan, within the First Judicial Department.

The Departmental Disciplinary Committee now moves for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b) upon the ground that he has been disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e).

On April 23, 2015, respondent was indicted in the United States District Court for the Southern District of New York on two counts of honest services mail fraud in violation of 18 USC §§ 1341, 1346 and 2, two counts of honest services wire fraud in violation of 18 USC §§ 1343, 1346 and 2, two counts of extortion under color of official right in violation of 18 USC § 1951 (also known as the Hobbs Act) and § 2, and one count of monetary transactions involving crime proceeds in violation of 18 USC §§ 1957 and 2.

Respondent's conviction was based on his receipt of nearly $4 million in payments from two law firms. Respondent received approximately $700,000 in payments from one firm, in exchange for invoking his official position to obtain recurring tax certiorari legal claims of two real estate developer clients with significant business before the New York State Legislature. Respondent also received approximately $3 million in payments through another law firm in exchange for using his official position to obtain names and identifying information of unrepresented patients with mesothelioma from a doctor, to whose research respondent secretly directed $500,000 in state funds and for whose benefit respondent engaged in other official acts. After obtaining the funds, respondent transferred the proceeds to various investment vehicles that he controlled.

On November 30, 2015, respondent was convicted of all seven counts charged in the indictment. He is scheduled to be sentenced on April 13, 2016.

Initially, we note that the application is timely since for purposes of automatic disbarment, a felony conviction "calls for automatic disbarment" at the time the conviction accrues "rather than upon imposition of sentence" (*Matter of Kourland*, 172 AD2d 77, 79 [1st Dept 1991]). The Committee contends that respondent's conviction of extortion under color of official right (18 USC §§ 1951, 2) is "essentially similar" to the New York felony of larceny by extortion in violation of Penal Law §§ 155.05 (2) (e) and 155.30 (6), and, therefore, he is subject to automatic disbarment.

A conviction of a federal felony does not trigger automatic disbarment unless the offense would constitute a felony under New York Penal Law (Judiciary Law § 90 [4] [e]; *Matter of Rosenthal*, 64 AD3d 16 [1st Dept 2009]). While the federal felony need not be a mirror image of the New York felony, the two crimes must be essentially similar (*see Matter of Margiotta*, 60 NY2d 147, 150 [1983]; *Matter of Bardey*, 133 AD3d 77 [1st Dept 2015]). Essential similarity in this case is established by comparing the language of the relevant state and felony statutes, as well as by examining past precedent with respect to the foreign felony at issue (*Matter of Schoenecker*, 107 AD3d 113 [1st Dept 2013]).

A person is guilty of larceny by extortion under New York law when

> "he compels or induces another person to deliver such property . . . by means of instilling in him a fear that, if the property is not so delivered, the actor or another will . . . [u]se or abuse his position as a public servant by performing some act within or related to his official duties, or by failing or refusing to perform an official duty, in such a manner as to affect some person adversely" (Penal Law § 155.05 [2] [e] [viii]).

Under 18 USC § 1951 (b) (2), extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."

In *Matter of Margiotta* (60 NY2d 147 [1983], *supra*), the Court of Appeals expressly held that a felony conviction for extortion under color of official right in violation of 18 USC § 1951 is essentially similar to the New York felony offense of larceny by extortion under Penal Law § 155.05 (2). The Court determined that the absence of an express coercive element

under that federal felony did not thwart a finding of essential similarity between that offense and the New York felony of larceny by extortion because the language "under color of official right" reflected the common-law definition that extortion could only be committed by a public official, into which the element of threat or fear was implied. It was only when the crime of extortion was extended to apply to private citizens that "the element of threat or fear was made express" (*id.* at 152).

Although respondent concedes that the federal extortion counts of which he was convicted mandate disbarment under controlling case law, he asks that the matter be held in abeyance until the trial court issues decisions on his two pending post-conviction motions for a judgment of acquittal and for a new trial. We deny this request because a proceeding brought "pursuant to Judiciary Law § 90 (4) (b) to strike his name from the roll of attorneys is a mere formality that serves only to record the fact of a disbarment that has already occurred" (*Matter of Biaggi*, 146 AD2d 148, 149 [1st Dept 1989]). That respondent has not exhausted the appeals process does not alter the fact that he ceased being an attorney by operation of law on the date of his conviction (*Matter of Kozlow*, 29 AD3d 44 [1st Dept 2006]).

Accordingly, the Committee's petition pursuant to Judiciary Law § 90 (4) (a) and (b) should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York effective nunc pro tunc to November 30, 2015.

MAZZARELLI, J.P., SWEENY, SAXE, MOSKOWITZ and GISCHE, JJ., concur.

Respondent disbarred, and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to November 30, 2015.