Matter of Zweig (2018 NY Slip Op 05527)





Matter of Zweig


2018 NY Slip Op 05527


Decided on July 26, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 26, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Hon. John W. Sweeny, Jr., Justice Presiding,
 Troy K. Webber
 Ellen Gesmer
 Anil C. Singh
 Peter H. Moulton, Justices.


M-1608

[*1]In the Matter of Joel Zweig, an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Joel Zweig, (OCA Atty. Reg. No. 2425742) Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Joel Zweig, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on July 1, 1991.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Raymond Vallejo, of counsel), for petitioner.
Respondent, pro se.



Per Curiam


Respondent Joel Zweig was admitted to the practice of law in the State of New York by the First Judicial Department on July 1, 1991. At all times relevant herein, respondent maintained his principal place of business within the First Department.
On September 19, 2017, respondent pleaded guilty, in the United States District Court for the Northern District of California, to obstruction of justice and perjury, under 18 USC §§ 1503 and 1623(a), respectively. Respondent's conviction stemmed from his role in creating and transmitting false court documents for his friend, whose company, a pet retail store chain, had commenced a federal breach of contract action against a pet food manufacturer. In that action, the chain claimed to have leased a New York store to distribute the manufacturer's products, [*2]entitling the chain to increased contractual payments for its territorial expansion.
Respondent created a phony 2008 New York City commercial property lease and a phony 2011 assignment of the lease to his friend's company, with forged signatures and notarizations, for the purposes of showing that the company's New York store location was opening, to support the federal damages claim. Respondent knew that the documents he created were to be used by his friend's company to support a $1.6 million damages claim and he had the documents forwarded to the friend. In 2011, the manufacturer informed the federal court judge that it believed that the lease and assignment were false. The court then demanded sworn statements from respondent.
In response, respondent submitted to the court a sworn declaration under penalty of perjury, which included his knowingly false statements, including a description of how he obtained the 2008 lease and the circumstances surrounding the creation of the lease. He also submitted a forged affidavit purporting to be from the owner of the leased property.
On December 14, 2017, respondent was sentenced to concurrent prison terms of 56 months, plus a three-year term of supervised release, and was ordered to pay restitution in the amount of $167,713.48.
The Attorney Grievance Committee (Committee) seeks an order striking respondent's name from the roll of attorneys, pursuant to Judiciary Law § 90(4)(a) and (b), and the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.12(c)(1), on the grounds that he was convicted of felonies which are essentially similar to New York felonies and, therefore, automatic disbarment is appropriate. Respondent has not submitted any opposition to the Committee's motion.
The Committee contends that "automatic" disbarment is warranted herein because respondent's federal conviction for
obstruction of justice (18 USC § 1503) and perjury (18 USC § 1623[a]) are felonies under federal law and, if committed within this State, would constitute the felonies of offering a false instrument for filing in the first degree (Penal Law § 175.35) and perjury in the first degree (Penal Law § 210.15), respectively.
A conviction of a federal felony does not trigger automatic disbarment, no matter how serious the felony is, unless the federal felony at issue would constitute a felony under New York Law (Judiciary Law § 90[4][e]; Matter of Rosenthal, 64 AD3d 16, 18 [1st Dept 2009]).
For a determination that a federal felony has a New York analogy, the federal felony does not have to be a "mirror image" of a New York felony, but must be "essentially similar" (Matter of Margiotta, 60 NY2d 147, 150 [1983]). Thus, we must compare the applicable federal and state felony statutes, as well as look to our own precedent on this issue (see Matter of Schoenecker, 107 AD3d 113 [1st Dept 2013]). Essential similarity can also be demonstrated through the respondent's admissions made under oath during his plea allocution, which may be read in conjunction with the indictment (see Matter of Adams, 114 AD3d 1, 2-3 [1st Dept 2013]).
Turning to the perjury conviction first, this Court has repeatedly held that automatic disbarment is proper for a respondent's federal conviction for perjury (18 USC § 1623), which is essentially similar to the New York felony of first degree perjury (Penal Law § 210.15) (see e.g. Matter of Bardey, 133 AD3d 77 [1st Dept 2015]; Matter of Freedman, 11 AD3d 172 [1st Dept 2004]).
As to the obstruction of justice conviction, although there is no direct felony analog under New York law, here, there is essential similarity between federal obstruction of justice and the New York felony of offering a false instrument for filing in the first degree (Penal Law § 175.35), based upon respondent's plea admissions read in conjunction with the indictment.
Respondent admitted that he knowingly created the false and fraudulent declaration and affidavit submitted in federal court to support false damages claims and to obstruct the court's investigation into the truth.
Accordingly, the Committee's motion should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary [*3]Law § 90(4)(a) and (b), and 22 NYCRR 1240.12(c)(1), effective nunc pro tunc to September 19, 2017.
All concur.
Order filed.
[July 26, 2018]
Committee's motion is granted to the extent of striking respondent's name from the roll of attorneys and counselors-at-law in the State of New York pursuant to Judiciary Law § 90(4) (a) and (b), and 22 NYCRR 1240.12(c), effective nunc pro tunc to September 19, 2017.