Matter of Goldberg (2018 NY Slip Op 06507)





Matter of Goldberg


2018 NY Slip Op 06507


Decided on October 2, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Judith J. Gische, Justice Presiding,
Troy K. Webber
Jeffery K. Oing
Anil C. Singh
Cynthia S. Kern, Justices.


&em;

[*1]In the Matter of Jay A. Goldberg, (admitted as Jay Arthur Goldberg), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Jay A. Goldberg, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Jay A. Goldberg, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on March 27, 1967.



Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York (Kevin
P. Culley, of counsel), for petitioner.
Michael S. Ross, Esq. for respondent.



PER CURIAM


Respondent Jay A. Goldberg was admitted to the practice of law in the State of New York by the First Judicial Department on March 27, 1967, under the name Jay Arthur Goldberg. At all times relevant to this proceeding, respondent maintained an office for the practice of law within the First Department.
The Attorney Grievance Committee commenced this disciplinary proceeding by a petition of charges (Judiciary Law § 90 [2], Rules for Attorney Discipline Matters [22 NYCRR] § 1240.8]), alleging that respondent was guilty of certain professional misconduct in violation of former Disciplinary Rules (DR 1-102 [a] [7]; 2-107 [a] [1] and [2]) and the current New York Rules of Professional Conduct (RCP)(22 NYCRR 1200.0) rules 1.5 (g) (1) and (2); and 8.4 (h), arising from his failure to disclose to two clients that he was sharing legal fees with former New York State Assembly Speaker Sheldon Silver.[FN1]
The parties agree on the stipulated facts, including the admission to acts of professional misconduct and the relevant factors in mitigation, as well as on the discipline. The parties now jointly move pursuant to 22 NYCRR 1240.8(a) (5) for discipline on consent and request the imposition of a public censure (22 NYCRR 1240.8 [a] [5] [i-ii]).
The parties assert that the appropriate discipline to be imposed on respondent should be a public censure (see e.g. Matter of Athari (93 AD3d 153 [4th Dept 2012]; Matter of Kuslansky (230 AD2d 104 [2d Dept 1997]; Matter of Colleluori, __ AD3d __, 2018 NY Slip Op 05588 [2d Dept 2018]). In addition, the parties maintain that respondent's misconduct is distinguishable from Matter of Lodes (118 AD3d 54 [2d Dept 2014]) and Matter of Harrison (282 AD2d 176 [2d Dept 2001]) because both matters involved more aggravated misconduct than in this case.
Lastly, the parties contend that a public censure is supported by sections 7.3, 9.31, and 9.32(a)-(e) of the ABA Standards for Imposing Lawyer Sanctions.
In light of respondent's admitted misconduct which was limited to violations of the fee sharing rules, the lack of aggravation, the mitigating factors presented, and the relevant case law, the parties' joint motion for discipline by consent should be granted and respondent is censured. The Committee's petition of charges is denied as moot.
All concur.
Order filed. [October 2, 2018]
Ordered that the joint motion for discipline by consent is granted, and respondent is publicly censured (M-3650). The Committee's petition of charges is denied as moot (M-2306).



Footnotes

Footnote 1:Silver was deemed automatically disbarred based on his federal felony conviction which followed his first criminal trial (Matter of Silver, 138 AD3d 123 [1st Dept 2016]). After that conviction was reversed on appeal, he did not move for vacatur of this Court's disbarment order. Silver was again found guilty upon retrial.