[599 NYS2d 278]

In the Matter of STEVEN F. MILLER (Admitted as STEVEN FREDERICK MILLER), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 22, 1993

**APPEARANCES OF COUNSEL**

*Karen A. Robinson* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Steven F. Miller was admitted as an attorney and counselor-at-law in the State of New York by the Appel-

late Division of the First Judicial Department on September 20, 1977.

By petition dated April 14, 1993, petitioner Departmental Disciplinary Committee is seeking an order suspending respondent from the practice of law pursuant to 22 NYCRR 603.3 based upon discipline imposed on him by the Supreme Court of New Jersey and pursuant to 22 NYCRR 603.4 (e) (1) (i) for his willful failure to cooperate with the Committee in its investigation of allegations of professional misconduct.

The New Jersey action involved respondent's temporary suspension in that State arising from his failure to appear for a demand audit. In that regard, respondent's former law partner filed a civil suit for dissolution of the law firm, as well as preservation and distribution of the firm's assets. The court issued an interlocutory judgment and order requiring respondent to pay $26,930.73 to his former partner and submit to an audit to determine the distribution of the remaining assets. A subsequent order mandated that respondent pay his former partner the amount owed in installments of $500 per week and to provide the court-appointed auditor with the necessary documents to complete the audit. Not only did respondent fail to pay the judgment, but he did not cooperate with the court-appointed auditor and was held in contempt for not submitting to the audit. During the course of the contempt proceedings, the prosecuting attorney learned that respondent had neglected to file personal and professional income tax returns since 1985. The New Jersey Office of Attorney Ethics then scheduled a demand audit for April 14, 1992, and respondent not only did not appear on that date but on two other dates. Accordingly, a petition for respondent's temporary suspension was filed, and the petition was granted on May 12, 1992.

Respondent thereafter failed to advise this Court or petitioner of the fact that he had been disciplined by another jurisdiction as mandated by 22 NYCRR 603.3 (d). He has also been held in contempt of court in New Jersey for his failure to cooperate with a court-ordered audit, and he has not cooperated with the demand audit by the New Jersey Office of Attorney Ethics. Such conduct demonstrates an utter disregard for the ruling of a tribunal in the course of a proceeding in violation of Code of Professional Responsibility DR 7-106 (A) (22 NYCRR 1200.37 [a]), is prejudicial to the administration of justice in violation of DR 1-102 (A) (5) (22 NYCRR

1200.3 [a] [5]) and constitutes professional misconduct under 22 NYCRR 603.4

Moreover, respondent has completely ignored a complaint made to this Court on June 15, 1992 that he neglected a divorce proceeding entrusted to him and failed to return a $500 fee. He did not respond when petitioner, by separate letters dated September 30, 1992 and October 15, 1992, the latter sent to his home address, forwarded the complaint and requested an answer within 20 days pursuant to 22 NCYRR 605.6 (d) (2). Respondent also did not reply to a letter, dated October 16, 1992, that the Committee mailed to his counsel in the New Jersey proceeding requesting that it be kept informed of the status of the temporary suspension there. Another letter, dated March 26, 1993, directed respondent's attention to 22 NYCRR 603.4 (e) (1) (i), but he has yet to submit any answer to the allegations contained in the complaint against him. Finally, respondent has failed to file a biennial registration statement with, or pay the required fee, to the Office of Court Administration as mandated under Judiciary Law § 468-a and 22 NYCRR 118.1.

It is clear that respondent's entire course of conduct has been to exhibit a complete contempt for and lack of concern with the judicial system which he has sworn to uphold, and his behavior "can only be interpreted as a deliberate and willful attempt to impede the Committee's investigation" *(Matter of Gordon,* 142 AD2d 135, 137). Accordingly, respondent's immediate suspension is warranted under 22 NYCRR 603.3 based upon reciprocal discipline and 22 NYCRR 603.4 (e) (1) (i) due to his noncooperation with the Committee's investigation.

Consequently, petitioner's motion is granted, and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, and until further order of this Court.

MURPHY, P. J., MILONAS, KUPFERMAN, ROSS and NARDELLI, JJ., concur.

Petition is granted and respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective June 22, 1993, and until the further order of this Court.