[628 NYS2d 607]

In the Matter of JUAN CARLOS VILLAR, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 10, 1995

## APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

*Juan Carlos Villar,* New Brunswick, New Jersey, respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

On December 15, 1994, the respondent was convicted, upon a jury verdict in the New Jersey Superior Court, of the crimes of aggravated assault in the second degree, in violation of New Jersey Statutes Annotated § 2C:12-1 (b) (1); simple assault, in violation of New Jersey Statutes Annotated § 2C:12-1 (a); and possession of a weapon for unlawful purposes in the third degree, in violation of New Jersey Statutes Annotated § 2C:39-4 (d).

New Jersey Statutes Annotated § 2C:12-1 (b) (1), a felony, provides: "Aggravated Assault. A person is guilty of aggravated assault if he * * * [a]ttempts to cause serious bodily injury to another, or causes such injury purposely or knowingly or under circumstances manifesting extreme indifference to the value of human life recklessly causes such injury."

Penal Law § 120.10 (3) defines assault in the first degree, a class C felony, as follows: "A person is guilty of assault in the first degree when * * * [u]nder circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person, and thereby causes serious physical injury to another person."

Penal Law § 120.05 (1) defines assault in the second degree, a class D felony, as follows: "A person is guilty of assault in the second degree when * * * [w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person."

A comparison of the basic elements of the New York and New Jersey statutes cited makes it clear that they are "essentially similar" (see, Matter of Cahn v Joint Bar Assn. Grievance Comm., 52 NY2d 479, 482).

Pursuant to Judiciary Law § 90 (4), the respondent ceased to be an attorney and counselor-at-law upon his conviction of a felony.

Accordingly, the petitioner's motion is granted. The respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and O'BRIEN, JJ., concur.

Ordered that pursuant to Judiciary Law § 90 (4), effective immediately, the respondent, Juan Carlos Villar, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Juan Carlos Villar is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.