[790 NYS2d 112]

In the Matter of STEVEN F. MILLER (Admitted as STEVEN FREDERICK MILLER), a Suspended Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, February 24, 2005

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*La Trisha A. Wilson* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Steven Frederick Miller was admitted to the practice of law in the State of New York by the First Judicial Department on September 20, 1977.

The Departmental Disciplinary Committee seeks an order, pursuant to Judiciary Law § 90 (4) (a) and (b), striking respondent's name from the roll of attorneys on the ground that he was automatically disbarred at the time of his felony conviction in the State of New Jersey. Respondent has not appeared in this proceeding.

This Court, by order entered June 22, 1993, suspended respondent from the practice of law, until further order of this Court, based upon an interim suspension imposed by the Supreme Court of New Jersey, and for his willful failure to cooperate with the Disciplinary Committee in its own investigation into separate allegations of professional misconduct (*Matter of Miller*, 190 AD2d 335 [1993]). Respondent never applied for reinstatement from this Court. The Supreme Court of New Jersey, on April 28, 1994, suspended respondent for three months for, *inter alia*, neglect and failure to return client property on request (*Matter of Miller*, 135 NJ 342, 640 A2d 291 [1994]). Respondent was never reinstated to the practice of law in New Jersey.

On January 16, 2004, respondent was arraigned on a New Jersey Superior Court accusation, charging him with one count of securities fraud in the third degree, in violation of New Jersey Statutes Annotated § 49:3-52 (b) and §§ 49:3-70 and 2C:2-6, in that he misled investors to purchase stock that was not free, clear and unencumbered from a person he knew to be a convicted felon who was not licensed to sell investment securities. Respondent waived his right to indictment and trial by jury, entered a plea of guilty, and was scheduled to be sentenced on January 7, 2005.

Respondent was also facing a disciplinary proceeding in New Jersey in which he was charged with, inter alia, the knowing misappropriation of funds, and conduct involving dishonesty, fraud, deceit or misrepresentation. Thereafter, on February 9, 2004, respondent submitted an affidavit of disbarment by consent, in which he acknowledged that he knowingly misappropriated escrow funds and could not successfully defend himself against the charges. The New Jersey Supreme Court, by

order entered February 17, 2004, disbarred respondent and permanently restrained him from practicing law.

The Committee, with regard to this motion, asserts that respondent's conviction for securities fraud in the third degree is essentially similar to the New York class E felony of scheme to defraud in the first degree (Penal Law § 190.65), thereby requiring his automatic disbarment.

Judiciary Law § 90 (4) (a) authorizes the automatic disbarment of any attorney upon the conviction of a felony, and Judiciary Law § 90 (4) (e) defines "felony" as "any criminal offense classified as a felony under the laws of this state or any criminal offense committed in any other state, district, or territory of the United States and classified as a felony therein which if committed within this state, would constitute a felony in this state." The out-of-jurisdiction felony must be "essentially similar," but not necessarily a mirror image to an offense classified as a felony in New York (*Matter of Margiotta*, 60 NY2d 147, 149 [1983]; *Matter of Cahn*, 52 NY2d 479, 482 [1981]), and where, as here, "the elements of the out-of-jurisdiction felony do not directly correspond to the elements of a New York felony, this Court may look beyond the elements of the felony of which the respondent was convicted, and consider as well the respondent's admissions in the plea allocution" (*Matter of Harnisch*, 7 AD3d 58, 59 [2004]; *see also Matter of Treffinger*, 11 AD3d 185, 186-187 [2004]).

Respondent, during his plea allocution, admitted that between June and August 1999, while an officer of Blackstone Financial Resources, Inc., he knew that the company's agent, David Friedman, was a convicted felon who was not licensed to sell investment securities, yet he authorized him to sell certain common stock to investors. Further, respondent, in order to induce the sale of 33,600 shares of stock at $6 per share, made a "material omission of fact" by failing to disclose to said investors that Friedman was a convicted felon, and by representing to the investors that the stock was free, clear and unencumbered when, in fact, it was not. Respondent, therefore, admitted to intentionally scheming to defraud investors of approximately $198,000.

In view of the foregoing, we find that the admissions made by respondent during his plea allocution are "essentially similar to," and therefore sufficient to establish, the elements of the New York felony of scheme to defraud in the first degree (Penal Law § 190.65).

Accordingly, the Committee's motion should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to January 16, 2004.

FRIEDMAN, J.P., MARLOW, NARDELLI, SWEENY and CATTERSON, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc to January 16, 2004.