[836 NYS2d 587]

In the Matter of MARK R. PRONK (Admitted as MARK ROBERT PRONK), an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, May 24, 2007

**APPEARANCES OF COUNSEL**

*Thomas J. Cahill, Chief Counsel, Departmental Disciplinary Committee*, New York City (*Raymond Vallejo* of counsel), for petitioner.

No appearance for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Mark Robert Pronk was admitted to the practice of law in the State of New York by the First Judicial Department on March 6, 1995. At all times relevant herein, respondent maintained an office for the practice of law in Atlanta, Georgia where he was admitted in 2000.

On or about February 23, 2006, respondent was charged in an indictment filed in the Superior Court of Cobb County, Georgia, with aggravated assault in violation of Georgia Code Annotated § 16-5-21, a felony. The indictment alleged that "on October 9, 2005, respondent unlawfully made an assault upon [a] person . . . with an object, device and instrument, to wit: a vacuum, beer bottle and mop, which, when used offensively against a person is likely to result in serious bodily injury."

On May 19, 2006, respondent pleaded guilty to the sole count of the indictment, namely, aggravated assault. During the plea allocution, respondent admitted that he hit his girlfriend with a vacuum, a beer bottle and a mop, all of which had visible blood on them when the police arrived, and that he kicked her. That same day respondent was sentenced to a term of five years' probation, fined $2,000, and was ordered to successfully complete a Family Violence Intervention Program.

Nearly four months later, on September 8, 2006, respondent filed a petition for voluntary surrender of his law license with the State Disciplinary Board of Georgia, wherein he admitted that his guilty plea to aggravated assault was a felony under Georgia's statutes; that the felony conviction constituted a violation of rule 8.4 (a) (2) of bar rule 4-102 of the Georgia Rules of Professional Conduct, the maximum penalty for which is disbarment; and that under Georgia bar rule 4-110 (f), a voluntary surrender was tantamount to disbarment.

In a decision and order entered January 8, 2007 (*In re Pronk*, 281 Ga 511, 640 SE2d 32 [2007]), the Supreme Court of Georgia agreed to accept respondent's petition for voluntary surrender of his law license and, accordingly, removed his name from the roll of attorneys.

The Departmental Disciplinary Committee seeks an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) on the ground that he was automatically disbarred upon his conviction of a felony as defined by Judiciary Law § 90 (4) (e). Judiciary Law § 90 (4) (e) provides that if an attorney is convicted of a felony outside New York which is "essentially similar" but not necessarily identical to a New York felony, but which would constitute a felony if

committed in this state, automatic disbarment is appropriate (*Matter of Shubov*, 25 AD3d 33, 34 [2005]; *Matter of Freedman*, 11 AD3d 172 [2004]). Where the elements of the out-of-jurisdiction conduct do not directly correspond to the elements of a New York felony, this Court may look beyond the elements and consider admissions made in the plea allocution, which may also be read in conjunction with the indictment (*Matter of Miller*, 15 AD3d 88 [2005]; *Matter of Mercado*, 1 AD3d 54 [2003]).

Penal Law § 120.05 (2) defines assault in the second degree, a class D felony, as follows: "A person is guilty of assault in the second degree when . . . [w]ith intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." A comparison of the elements of the New York and Georgia statutes cited establishes that they are "essentially similar" and, therefore, respondent ceased to be an attorney by operation of law upon the entry of his guilty plea on May 19, 2006 (*Matter of Villar*, 212 AD2d 86, 87 [1995] [conviction in New Jersey for aggravated assault "essentially similar" to New York's assault in the second degree, automatically disbarred]).

Accordingly, the Committee's petition should be granted and respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective nunc pro tunc May 19, 2006.

FRIEDMAN, J.P., MARLOW, WILLIAMS, BUCKLEY and McGUIRE, JJ., concur.

Respondent's name stricken from the roll of attorneys and counselors-at-law in the State of New York, nunc pro tunc to May 19, 2006.