█ In the Matter of EDWIN E. BURKS, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [861 NYS2d 208]—

Per Curiam. Respondent was admitted to practice by this Court in 1989. He maintained an office for the practice of law in New Orleans, Louisiana.

On July 27, 2005, respondent was sentenced in the United States District Court for the Eastern District of Louisiana upon his plea of guilty to the federal felony of computer fraud in violation of 18 USC § 1030 (a) (4). It appears that respondent, in his capacity as Assistant City Attorney for the City of New Orleans assigned to traffic prosecutions, admitted to accepting $1,000 in cash from an undercover FBI agent posing as a taxi driver in exchange for dismissing the driver's traffic citations. He was sentenced to three years of probation, 100 hours community service and a $1,000 fine.

Petitioner moves for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b) based upon his conviction of the federal felony. Respondent has filed a "consent" to the relief sought in petitioner's motion along with some documentation of his good character.

An attorney convicted of a federal felony essentially similar to an offense classified as a felony under New York law is automatically disbarred (see Judiciary Law § 90 [4] [a], [e]; Matter of Margiotta, 60 NY2d 147, 150 [1983]). An attorney convicted of a federal felony without such a New York analogue is guilty of a

serious crime and shall be suspended by the Appellate Division until a final disciplinary order is entered (*see* Judiciary Law § 90 [4] [d], [f]; *Matter of Johnston*, 75 NY2d 403, 405 [1990]).

Petitioner contends that 18 USC § 1030 (a) (4) is essentially similar to Penal Law § 156.25 (3), computer tampering in the third degree, a class E felony. We conclude that these statutes are not essentially similar for automatic disbarment purposes under Judiciary Law § 90 (4) (a) and (e). Nevertheless, respondent was convicted of a serious crime as defined in Judiciary Law § 90 (4) (d) and his interim suspension is required (*see* Judiciary Law § 90 [4] [f]).

In view of the above, we deny petitioner's motion, suspend respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g), and direct respondent to show cause why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g) (*see e.g. Matter of Garcia*, 52 AD3d 1017 [2008]; *Matter of Von Wiegen*, 190 AD2d 905 [1993]; *Matter of Kagan*, 184 AD2d 912 [1992]).

Cardona, P.J., Peters, Spain, Carpinello and Rose, JJ., concur. Ordered that petitioner's motion is denied; and it is further ordered that respondent is suspended from the practice of law, effective immediately, until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that respondent is directed to show cause before this Court, within 20 days of the date of this decision, why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).