Per Curiam.
Respondent was admitted to practice by this Court in 2000. He resides in New Jersey.
On October 19, 2010, respondent pleaded guilty to aggravated assault in the third degree (see NJ Stat Ann § 2C:12-1 [b] [7]) in the Superior Court of New Jersey, Middlesex County. He was sentenced to five years of probation, among other things.
Based on that conviction, petitioner moves for an order striking respondent’s name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b) or, alternatively, for the imposition of discipline in accordance with this Court’s rules (see 22 NYCRR 806.19).
An attorney convicted of a felony in another state essentially similar to a New York felony is automatically disbarred (see Judiciary Law § 90 [4] [a], [e]; Matter of Margiotta, 60 NY2d 147, 150 [1983]). When the other state’s felony has no New York analogue, the attorney is deemed to have been convicted of a serious crime and shall be suspended from the practice of law by this Court until a final disciplinary order is entered (see Judiciary Law § 90 [4] [d], [f]; Matter of Johnston, 75 NY2d 403, 405 [1990]). Petitioner contends that New Jersey Statutes Annotated § 2C:12-1 (b) (7) is essentially similar to Penal Law § 120.05 (1), assault in the second degree, which is a class D felony. Respondent argues that the statutes are dissimilar.
*1649 We conclude that the statutes are not essentially similar for automatic disbarment purposes under Judiciary Law § 90 (4) (a) and (e) (but see Matter of Villar, 212 AD2d 86 [1995]). Although an element of the New York crime is that the offender cause physical injury (see Penal Law § 120.05 [1]), there may be a conviction under the New Jersey statute even if no injury occurred (see NJ Stat Ann § 2C:12-1 [b] [7]). Nevertheless, respondent was convicted of a serious crime as defined in Judiciary Law § 90 (4) (d) and his interim suspension is required (see Judiciary Law § 90 [4] [f]).
Accordingly, inasmuch as the record lacks any indication that respondent has been professionally disciplined in New Jersey, we deny petitioner’s motion, suspend respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g), and direct respondent to show cause why a final order of suspension, censure or removal from office should not be made (see e.g. Matter of Erikson, 53 AD3d 772 [2008]; Matter of Burks, 53 AD3d 774 [2008]).
Rose, J.E, Lahtinen, Spain, Malone Jr. and Garry, JJ., concur. Ordered that petitioner’s motion is denied, and it is further ordered that respondent is suspended from the practice of law, effective immediately, until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that respondent is directed to show cause before this Court, within 20 days of the date of this decision, why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court’s rules regulating the conduct of suspended attorneys (see 22 NYCRR 806.9).