■ In the Matter of EMERSON V. BRIGGS, III, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, Petitioner. [984 NYS2d 172]—

Per Curiam. Respondent was admitted to practice by this Court in 1995. He was suspended, effective March 3, 2014, due to his failure to comply with the attorney registration requirements (*see Matter of Attorneys in Violation of Judiciary Law § 468-a*, 113 AD3d 1020, 1022 [2014]). Respondent currently resides in Maryland.

In 2008, respondent pleaded guilty in the United States District Court for the District of Columbia to one count of receipt of child pornography in violation of 18 USC § 2252A (a) (2) (A). He was sentenced to, among other things, a 70-month period of incarceration. As a result of that conviction, petitioner moves for an order striking respondent's name from the roll of attorneys pursuant to Judiciary Law § 90 (4) (a) and (b).

An attorney convicted of a federal felony found to be essentially similar to a New York felony is automatically disbarred (*see* Judiciary Law § 90 [4] [a], [e]; *Matter of Margiotta*, 60 NY2d 147, 150 [1983]; *Matter of Burks*, 53 AD3d 774, 774 [2008]). When the federal felony conviction has no New York analogue, the attorney is deemed to have been convicted of a serious crime and shall be suspended from the practice of law by this Court until a final disciplinary order is entered (*see* Judiciary Law § 90 [4] [d], [f]; *Matter of Johnston*, 75 NY2d 403, 405 [1990]; *Matter of Burks*, 53 AD3d at 775). Here, petitioner contends that 18 USC § 2252A (a) (2) (A[1]) is essentially similar to Penal Law former § 263.16,[2] possessing a sexual performance by a child, which is a class E felony. Respondent maintains that the statutes are dissimilar.

Upon our review, we conclude that Penal Law former § 263.16 was not essentially similar to 18 USC § 2252A (a) (2) (A) for automatic disbarment purposes pursuant to Judiciary Law § 90 (4) (a) and (e). Notably, respondent's 2008 conviction was for a federal felony prohibiting *receipt* of child pornography, not possession (*see e.g. Matter of Peck*, 298 AD2d 614, 615 [2002]). Nevertheless, regardless of this dissimilarity, respondent was convicted of a serious crime as defined in Judiciary Law § 90 (4)

---

1. 18 USC § 2252A (a) (2) (A) directs criminal penalties for any person who "knowingly *receives* . . . any child pornography that has been mailed, or using any means or facility of interstate or foreign commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer" (emphasis added).

2. The version of Penal Law § 263.16 in effect at the time of respondent's 2008 conviction stated: "A person is guilty of possessing a sexual performance by a child when, knowing the character and content thereof, he [or she] knowingly has in his [or her] possession or control any performance which includes sexual conduct by a child less than sixteen years of age" (Penal Law former § 263.16).

(d) and, therefore, his interim suspension from the practice of law is required (*see* Judiciary Law § 90 [4] [f]).

Consequently, we deny petitioner's motion, suspend respondent from the practice of law pursuant to Judiciary Law § 90 (4) (f) until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g), and direct respondent to show cause why a final order of suspension, censure or removal from office should not be made (*see e.g. Matter of Park*, 95 AD3d 1648, 1649 [2012]; *Matter of Erikson*, 53 AD3d 772 [2008]; *Matter of Burks*, 53 AD3d at 775).

Stein, J.P., McCarthy, Garry and Rose, JJ., concur. Ordered that petitioner's motion is denied; and it is further ordered that respondent is suspended from the practice of law, effective immediately, until such time as a final disciplinary order is made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that respondent is directed to show cause before this Court, within 20 days of the date of this decision, why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g); and it is further ordered that, for the period of suspension, respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rules regulating the conduct of suspended attorneys (*see* 22 NYCRR 806.9).