*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  September 25, 2014                    D-52-14
_____

In the Matter of EMERSON V.
    BRIGGS III, a Suspended
    Attorney.

COMMITTEE ON PROFESSIONAL
    STANDARDS,                              MEMORANDUM AND ORDER
                      Petitioner;

EMERSON V. BRIGGS III,
                      Respondent.

(Attorney Registration No. 2686103)
_____

Calendar Date:  September 3, 2014

Before:Stein, J.P., McCarthy, Garry, Rose and Lynch, JJ.

_____


        Monica A. Duffy, Committee on Professional Standards,
Albany (Michael G. Gaynor of counsel), for petitioner.

        Emerson V. Briggs III, Upper Marlboro, Maryland, respondent
pro se.

_____


Per Curiam.

        Respondent was admitted to practice by this Court in 1995.
He was suspended from the practice of law, effective March 3,
2014, due to his failure to comply with the attorney registration
requirements (see Matter of Attorneys in Violation of Judiciary
Law § 468-a, 113 AD3d 1020, 1022 [2014]).  Respondent currently
resides in Maryland.

By subsequent decision dated March 27, 2014, this Court suspended respondent from the practice of law until such time as a final disciplinary order was entered (Matter of Briggs, 115 AD3d 1149 [2014]). This order was based upon respondent's 2008 conviction in the United States District Court for the District of Columbia to one count of receipt of child pornography in violation of 18 USC § 2252A (a) (2) (A), a federal felony, which this Court determined to be a serious crime (see Judiciary Law § 90 [4] [d]). We further directed in this order that respondent show cause why a final order of suspension, censure or removal from office should not be made pursuant to Judiciary Law § 90 (4) (g). Respondent submitted a response to the order to show cause and, at his request, we have heard respondent in mitigation.

Upon consideration of the facts and circumstances, especially the nature of respondent's conviction, his failure to file within 30 days following that conviction a copy of the record thereof with this Court (see Judiciary Law § 90 [4] [c]) and the underlying misconduct, we conclude that respondent should be disbarred (see e.g. Matter of Burks, 53 AD3d 774 [2008]).

Stein, J.P., McCarthy, Garry, Rose and Lynch, JJ., concur.

ORDERED that respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further

ORDERED that respondent is commanded to desist and refrain from the practice of law in any form, either as principal or as agent, clerk or employee of another; and respondent is hereby forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, or to give to another an opinion as to the law or its application, or any advice in relation thereto; and it is further

ORDERED that respondent shall comply with the provisions of this Court's rules regulating the conduct of disbarred attorneys (see 22 NYCRR 806.9).

ENTER:

Robert D. Mayberger
Clerk of the Court