Matter of Carrillo (2023 NY Slip Op 04347)

Matter of Carrillo

2023 NY Slip Op 04347

Decided on August 17, 2023

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 17, 2023
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Sallie Manzanet-Daniels
Presiding Justice
David Friedman Peter H. Moulton Manuel Mendez Bahaati E. Pitt-Burke
Justices.

Motion No. 2023-02130 Case No. 2023-02310 

[*1]In the Matter of Luis Carrillo, an Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Luis Carrillo (OCA Atty. Reg. No. 3994621), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Luis Carrillo, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on January 29, 2002.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Christopher S. Ronk, of counsel), for petitioner.
Respondent pro se.

Per Curiam 

Respondent Luis Carrillo was admitted to the practice of law in the State of New York by the First Judicial Department on January 29, 2002. As the admitting Judicial Department, this Court retains continuing jurisdiction over respondent (Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.7[a][2]).[FN1]
The Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, imposing reciprocal discipline on respondent, based upon the temporary suspension imposed upon him by the Supreme Court of New Jersey.
In October 2017, the New Jersey Office of Attorney Ethics (OAE) opened an investigation of respondent based on his alleged securities related misconduct. The investigation concerned charges the United States Securities and Exchange Commission (SEC) included in an amended complaint filed on June 26, 2014, in the United States District Court for the Southern District of New York against respondent. In its action, the SEC alleged that respondent was involved in an international "pump and dump" scheme involving the publicly traded securities of two companies. On March 28, 2017, a default judgment was entered against respondent in the SEC action whereby the court opined that respondent "made a conscious decision to cease defending against [the] action" and on May 3, 2017, the court found him jointly and severally liable for the disgorgement of $8.2 million in illicit gain. The court imposed a $375,000 civil penalty and directed that the monies be paid within 14 days.[FN2]
On October 5, 2017, the OAE sent a letter to respondent via certified mail to advise him of its investigation into the matter referred to it by the SEC. On December 18, 2017, respondent, through counsel, responded to the OAE's letter, denying any misconduct on his part.[FN3]
On August 4, 2021, the United States Department of Justice filed a criminal complaint against respondent in United States District Court, District of Massachusetts and issued a warrant for his arrest. The federal criminal charges concern a securities fraud scheme relating to securities not involved in the SEC action noted above. The OAE opened a separate investigation of respondent based on these federal criminal charges. However, the matter was deemed "untriable" pending the outcome of the criminal proceeding.[FN4]
On March 9, 2022, the OAE contacted respondent's counsel and requested that respondent file an updated written response to the grievance [*2]against him by March 28, 2022. By email dated March 31, 2022, counsel informed the OAE that he no longer represented respondent.
Based on counsel's update, the OAE sent multiple communications to respondent, including April 8, 2022 letters at his registered addresses and email, directing him to file an updated response to the grievance. Delivery was confirmed however respondent did not submit an updated response. Furthermore, on May 16, 2022, the OAE unsuccessfully attempted to contact respondent at three separate phone numbers obtained through its investigation. On May 17, 2022, the OAE sent additional letters to respondent concerning his failure to reply to their communications and scheduling a demand interview for June 2, 2022. Delivery of the letter was confirmed at respondent's home address and via email. Respondent failed to respond to the letters or appear at the scheduled interview.
On June 6, 2022, the OAE filed a Petition for Emergent Relief requesting respondent's immediate temporary suspension pursuant to New Jersey Court Rules 1:20-3(g)(4) and 1:20-11 for his failure to cooperate with the OAE's investigation, failure to comply with the court order issued in the SEC civil matter and due to his pending criminal charges.
By order entered July 13, 2022, the Supreme Court of New Jersey granted the OAE's petition and temporarily suspended respondent, effective immediately, and until further order of the court.[FN5]
The AGC now seeks an order, pursuant to Judiciary Law § 90(2), 22 NYCRR 1240.13, and the doctrine of reciprocal discipline, finding that the misconduct underlying respondent's indefinite suspension in New Jersey would also constitute misconduct in New York, directing him to demonstrate why discipline should not be imposed based on his discipline in New Jersey and imposing a reciprocal indefinite suspension, or, in the alternative, sanctioning respondent as this Court deems appropriate. In support of its application, the AGC contends that "reciprocal suspension is warranted even though [respondent's] suspension in New Jersey was on an interim basis for non-cooperation with OAE," based on relevant precedent and because the non-cooperation is coupled with a finding that respondent poses a threat to the public. The AGC also asserts that respondent has failed to report his discipline in New Jersey as required by 22 NYCRR 1240.13(d). Respondent has not submitted opposition to the AGC's motion.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13, respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a depravation of due process; (2) an infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]). Although respondent, pro se, did not participate in this [*3]proceeding, no defense applies here. Respondent received adequate notice of the allegations against him in the New Jersey proceeding and the record sufficiently supports the New Jersey Supreme Court's imposition of a temporary suspension. Further, the misconduct for which respondent was disciplined (non-cooperation with the New Jersey disciplinary investigation), would constitute misconduct in New York in violation of 22 NYCRR 1240.9(a)(3) and New York Rules of Professional Conduct (22 NYCRR 1200.0) rules 8.4[d] and 8.4[h]).[FN6]
As to the appropriate sanction, in reciprocal disciplinary matters, "significant weight should be given to the sanction imposed by the jurisdiction where the misconduct occurred because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct" (Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]; Matter of Jaffe, 78 AD3d 152, 158 [1st Dept 2010]), and "[o]nly in rare instances will this Court depart from its general rule" (Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]). Indefinite suspension, as requested by the AGC, is the appropriate sanction as it is commensurate with the discipline imposed in New Jersey and is in general accord with precedent involving comparable misconduct (see e.g. Matter of Winters, 160 AD3d 168 [1st Dept 2018]; Matter of Pohlmeyer, 226 AD2d 52 [1st Dept 1996]; Matter of Miller, 190 AD2d 335 [1st Dept 1993]; Matter of Colby, 156 AD3d 1215 [3d Dept 2017]; Matter of Hummel, 99 AD3d 133 [2d Dept 2012]).[FN7]
Accordingly, the AGC's motion for reciprocal discipline should be granted pursuant to 22 NYCRR 1240.13, and respondent is suspended from the practice of law, effective immediately, and until such time as disciplinary matters pending before the Court have been concluded and until further order of this Court.
All concur.
It is Ordered that the Attorney Grievance Committee's motion for reciprocal discipline pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, predicated upon similar discipline imposed by the Supreme Court of New Jersey, is granted, and respondent, Luis Carrillo, is suspended from the practice of law in the State of New York, effective immediately, and until such time as disciplinary matters pending before this Court have been concluded, and until further order of this Court, and
It is further Ordered that pursuant to Judiciary Law § 90, respondent is: (1) commanded to desist and refrain from the practice of law in any form, either as principal or agent, clerk or employee of another, or from holding himself out in any way as an attorney and counselor-at-law; (2) forbidden to appear as an attorney or counselor-at-law before any court, judge, justice, board or commission or other public authority; and (3) forbidden to give another an opinion as to the law or its application or advice in relation thereto, and
It is further Ordered that respondent Luis Carrillo, is directed to fully comply with the rules governing the conduct of disbarred or suspended [*4]attorneys (see 22 NYCRR 1240.15), which are made a part hereof, and
It is further Ordered that if respondent Luis Carrillo, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: August 17, 2023

Footnotes

Footnote 1: According to Office of Court Administration records, respondent is delinquent in his registration having failed to re-register for the 2022-2023 biennial period.

Footnote 2: As of May 2022, respondent had not remitted the funds as directed.

Footnote 3: On December 7, 2018, respondent's counsel advised the OAE that respondent was being investigated by the State Bar of California concerning the conduct alleged in the SEC civil matter and that the matter was still pending. On the same day, the OAE advised counsel that its investigation was being held in abeyance pending the outcome of the California disciplinary matter. In February 2022, the OAE reactivated its investigation of respondent after the California disciplinary matter was closed without the imposition of discipline.

Footnote 4: Respondent has not been arrested in relation to this August 2021 criminal complaint and it is believed that respondent has fled to Mexico.

Footnote 5: According to New Jersey Courts' website, respondent remained suspended at the time of the instant application.

Footnote 6: Respondent was temporarily suspended pursuant to New Jersey Court Rules 1:20-3(g)(4) and 1:20-11 for failure to cooperate with the OAE's investigation and the finding that he "pose[d] a substantial threat of serious harm to . . . a client or the public."

Footnote 7: An indefinite suspension is the equivalent of an interim suspension under 22 NYCRR 1240.9(a)(3)