| |
|---|
| **Gross v Bank of Am., N.A.** |
| 2024 NY Slip Op 31105(U) |
| April 2, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 506981/2024 |
| Judge: Leon Ruchelsman |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS : CIVIL TERM: COMMERCIAL 8
---------------------------------------------x
MENDEL GROSS,

                       Petitioner,        Decision and order

        - against -            Index No. 506981/2024

BANK OF AMERICA, N.A.,

                     Respondent,      April 2, 2024
---------------------------------------------x
PRESENT: HON. LEON RUCHELSMAN      Motion Seq. #1

      The petitioner has moved seeking to stay a foreclosure sale. The respondent opposes the motion. Papers were submitted by the parties and arguments held. After reviewing all the arguments this court now makes the following determination.

      According to the petition, on May 8, 2007, the petitioner Mendel Gross borrowed $320,000 from the respondent Bank of America and was required to make certain monthly payments for thirty years. The petitioner executed a note to Bank of America which was secured by a security interest in the capital stock owned by petitioner regarding the premises located at 444 Bedford Avenue, Apartment 18-C in Kings County. The note was also secured by a UCC-1 financing statement. The petitioner failed to make the payment due July 1, 2011. On June 23, 2017 the respondent informed petitioner of a notice of sale indicating the sale was scheduled to take place on July 25, 2017. The petitioner commenced an action seeking to stay the foreclosure sale. A year later the parties entered into a stipulation wherein the petitioner agreed to certain payoff terms by November

[*1]

12, 2018. The petitioner failed to pay by that date and on December 20, 2023 the respondent notified petitioner pursuant to UCC 9-§611 that he was in default and was subject to a foreclosure sale. Indeed, on January 18, 2024 the respondent served petitioner that they intended to conduct an auction and sale for the liquidation of the respondent's security interest in the petitioner's stock and proprietary lease on March 14, 2024. The petitioner has now moved seeking an injunction to stop that sale on the grounds the respondent failed to comply with the notice requirements of UCC §9-611 and that in any event the claims are time barred.

## Conclusions of Law

It is well settled that the notice and other requirements of a UCC 9-§611 non-judicial foreclosure sale, like a sale pursuant to RPAPL §1304 is a condition precedent to the commencement of a foreclosure action and the plaintiff bears the burden of demonstrating full compliance with those provisions (Stern-Obstfeld v. Bank of America, 30 Misc3d 901, 915 NYS2d 456 [Supreme Court New York County 2011]).

The petitioner asserts, concerning the ninety day notice, that he "never received such a notice from the Respondent or anyone else" (see, Affirmation of Mendel Gross, ¶5 [NYSCEF Doc. No. 8]). However, notice was served to the address at 444

2

[*2]

Bedford Avenue Apartment 18-C, the address of the petitioner. Thus, to satisfy the notice requirements of this statute, along with RPAPL §1304, the respondent must provide proof of the mailing "which can be 'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures" (see, Citibank N.A., v. Conti-Scheurer, 172 AD3d 17, 98 NYS3d 273 [2d Dept., 2019]). Thus, documents which contain the "'return receipt requested,' and the corresponding notice bearing a 20-digit number identical to the 20-digit bar code on the envelope, constituted admissible evidence sufficient to establish, prima facie, the actual mailing of the required notice by certified mail" (see, Wilmington Savings Fund Society, FSB v. Hershkowitz, 189 AD3d 1126, 138 NYS3d 54 [2d Dept., 2020]). In this case the respondent has presented evidence in the form of the return receipt documentation which adequately demonstrates proper service. The petitioner has not presented any evidence, other than a bald denial, raising questions of fact whether service was properly performed.

Furthermore, even if a statute of limitations applies to the service of any such notice, the statute only began once the date for payment passed initiating any default, namely November 12, 2018. Further, any statutes of limitations was tolled for 228 days due to the COVID-19 pandemic (see, Ruiz v. Sanchez, 219 AD3d

3

[* 3]

3 of 4

1363, 195 NYS3d 796 [2d Dept., 2023]). Therefore, the notice served was surely timely.

Consequently, since the notice was timely served and there is sufficient evidence of such service, the petitioner has no likelihood of success enjoining the sale. Therefore, the motion seeking to enjoin any foreclosure sale is denied.

So ordered.

ENTER:

DATED: April 2, 2024
      Brooklyn N.Y.

_____
Hon. Leon Ruchelsman
JSC

[*4]