Matter of Zaidi (2025 NY Slip Op 00791)

Matter of Zaidi

2025 NY Slip Op 00791

Decided on February 11, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Sallie Manzanet-Daniels Justice Presiding
Cynthia S. Kern Tanya R. Kennedy David Friedman Bahaati E. Pitt-Burke

Motion No. 2024-03903 Case No. 2024-05005 

[*1]In the Matter of Zeeshan Hussain Zaidi, an Attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Zeeshan Hussain Zaidi (OCA Atty Reg. 3955457), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Zeeshan Hussain Zaidi, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on April 2, 2001.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Raymond Vallejo, of counsel), for petitioner.
John B. Harris, Esq., for respondent.

Per Curiam. 

Respondent Zeeshan Hussain Zaidi was admitted to the practice of law in the State of New York by the First Judicial Department on April 2, 2001, under the name Zeeshan Hussain Zaidi. He was engaged in the practice of law within the First Judicial Department during certain of the events at issue.
On October 18, 2019, respondent was convicted in the United States District Court for the Eastern District of New York, upon his plea of guilty, of computer intrusion (18 USC §§ 1030 [a][2][C]; [a][4]), a class D felony (18 USC § 3559 [a][4]); and wire fraud conspiracy (18 USC §§ 371, 1343), a class C felony (18 USC § 3559 [a] [3]). The conviction stemmed from respondent's admission that he conspired with others to illegally access a competitor's computer system to obtain information that would assist his employer's business. At the plea proceeding, respondent admitted that he and at least one other coworker accessed a competitor's password-protected client portal using login credentials belonging to that competitor's other clients. Respondent also admitted that he fully understood that his coworker obtained those credentials through his prior employer, which the coworker was not authorized to use. Respondent has not been sentenced as of the date of this motion.
By letter dated May 16, 2024, respondent's counsel notified petitioner Attorney Grievance Committee (AGC) of respondent's conviction and maintained that his failure to timely report the conviction as required by Judiciary Law § 90 (4)(c) was because respondent mistakenly believed that the AGC would be notified upon sentencing.
The AGC now moves for an order: (1) determining that the crime of which respondent was convicted is a serious crime within the meaning of Judiciary Law § 90 (4)(d), (2) immediately suspending him under Judiciary Law § 90 (4)(f) and § 1240.12 (b)(2) of the Rules for Attorney Disciplinary Matters (22 NYCRR § 1240.12 [b][2]), and (3) directing him to show cause, before a referee appointed by this Court, within 90 days of his sentencing or release from prison, as may be applicable, why a final order of censure, suspension, or disbarment should not be made.
As of the return date of this motion, respondent has not submitted opposition or otherwise appeared. However, respondent's counsel noted in a May 16, 2024 letter that respondent "does not intend to contest his removal from the attorney rolls of [*2]New York" and would resign or stipulate to disbarment, with the hope that this Court make disbarment retroactive to the date of his guilty plea.
An attorney convicted of a "serious crime," shall be suspended and upon final judgment of conviction be ordered to show cause why they should not be censured, suspended, or disbarred (Judiciary Law §§ 90 [4][f]-[g]). Judiciary Law § 90 (4)(d) defines "serious crime" as "any criminal offense denominated a felony under the laws of any state, district or territory or of the United States which does not constitute a felony under the laws of this state, and any other crime a necessary element of which, as determined by statutory or common law definition of such crime, includes interference with the administration of justice, false swearing, misrepresentation, fraud, willful failure to file income tax returns, deceit, bribery, extortion, misappropriation, theft, or an attempt or conspiracy or solicitation of another to commit a serious crime."
Conversely, pursuant to Judiciary Law § 90 (4)(a), an attorney convicted of a felony is subject to automatic disbarment. "A conviction of a federal felony does not trigger automatic disbarment unless the offense would constitute a felony under the New York Penal Law" (Matter of Sorin, 47 AD3d 1, 3 [1st Dept 2007]).
The AGC does not maintain that respondent's federal conviction constitutes a felony under the New York Penal Law that would subject respondent to automatic disbarment under Judiciary Law § 90 (4)(a). Rather, the AGC contends that respondent's convictions for computer intrusion and wire fraud conspiracy are serious crimes under Judiciary Law § 90 (4)(d) that require his immediate suspension from the practice of law pursuant to Judiciary Law § 90 (4)(f) (see Matter of Merker, 140 AD3d 1 [1st Dept 2016]; Matter of Klein, 28 AD3d 102, 103 [1st Dept 2006]; Matter of Burks, 53 AD3d 774, 775 [3d Dept 2008]; see also Matter of Ravelo, 163 AD3d 98 [1st Dept 2018]; Sorin, 47 AD3d at 1). However, a sanctions hearing may not be initiated until a final judgment of conviction is entered, which has not yet occurred because respondent has not been sentenced (see Judiciary Law § 90 [4][g]; Matter of Delany, 87 NY2d 508 [1996]; Matter of Davis, 70 AD3d 53 [1st Dept 2009]).
Accordingly, AGC's motion should be granted to the extent of immediately suspending respondent from the practice of law pursuant to Judiciary Law § 90 (4)(f) and 22 NYCRR 1240.12 (b)(2). Further, respondent is directed to show cause at a hearing before the referee appointed herein, within 90 days of his sentencing rendering his judgment of conviction final, why an order of censure, suspension, or disbarment should not be made under 22 NYCRR 1240.12 (c)(2) and Judiciary Law § 90 (4)(g).
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee
to deem the offense of which respondent, Zeeshan Hussain Zaidi, has been found guilty to be a "serious crime" within the [*3]meaning of Judiciary Law § 90 (4)(d), is granted, and
respondent Zeeshan Hussain Zaidi, is suspended pursuant to Judiciary Law § 90 (4)(f) and 22 NYCRR 1240.12(b)(2) from the practice of law, effective immediately, and until the further order of this Court, and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of
suspension, respondent Zeeshan Hussain Zaidi is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion
as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that respondent Zeeshan Hussain Zaidi shall comply with
the rules governing the conduct of disbarred or suspended attorneys (see NYCRR
1240.15), which are made part hereof; and
It is further Ordered that if respondent Zeeshan Hussain Zaidi, has been issued a
secure pass by the Office of Court Administration, it shall be returned forthwith to the
issuing agency, and
It is further Ordered that, pursuant to Judiciary Law § 90 (4)(g) and 22 NYCRR
1240.12 (c)(2), respondent Zeeshan Hussain Zaidi is directed to show cause at a hearing
before the referee appointed herein, why a final order of censure, suspension, or
disbarment should not be made based on his conviction of a serious crime as defined in
Judiciary Law § 90 (4)(d), and
It is further Ordered that Peter G. Koffler, Esq., 30 Rockefeller Plaza, New York, NY 10112-0015, (212) 653-8202, (212) 653-8700, pkoffler&commat;sheppardmullin.com, is appointed as Referee to hold the hearing, to be held within 90 days of his sentencing, and issue a report and recommendation to this Court, with the report to be submitted within 60 days of the hearing or the submission of post-hearing memoranda.
Entered: February 11, 2025