Matter of Hurckes (2026 NY Slip Op 01408)

Matter of Hurckes

2026 NY Slip Op 01408

Decided on March 12, 2026

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 12, 2026
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Tanya R. Kennedy
Justice Presiding
Saliann Scarpulla Martin Shulman Bahaati E. Pitt-Burke Shlomo S. Hagler
Justices. 

Motion No. 2026-00042|Case No. 2025-07205|

[*1]In the Matter of Michael Alexander Hurckes, An Attorney and Counselor-at-Law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Michael Alexander Hurckes (OCA Atty. Reg. No. 5910898), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Michael Alexander Hurckes, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on January 14, 2022.

Jorge Dopico, Chief Attorney, Attorney Grievance Committee, New York City (Louis J. Bara, of counsel), for petitioner.
Respondent, pro se.

Per Curiam 

Respondent Michael Alexander Hurckes was admitted to the practice of law in the State of New York by the Third Judicial Department on January 14, 2022. Respondent's attorney registration address on file with the Office of Court Administration is located within the First Judicial Department.
Respondent was also admitted to the practice of law in Florida in 2022. By order dated October 6, 2025 (the Florida order), the Supreme Court of Florida (SCF) suspended respondent on an emergency basis, effective as of the date thereof and until further court order, and referred the matter for further proceedings before a court appointed referee. The SCF based the emergency suspension on its finding that respondent appeared to be causing great public harm as evinced by multiple complaints filed against him.
The Attorney Grievance Committee (the AGC) seeks an order pursuant to Judiciary Law §90(2) and the Rules for Attorney Disciplinary Matters (22 NYCRR) §1240.13 imposing reciprocal discipline on respondent predicated upon the Florida order. Specifically, the AGC seeks an order imposing a reciprocal interim suspension or such discipline as this Court deems just and proper. Respondent has not appeared in this proceeding, nor has he opposed the motion.
The facts of respondent's misconduct are detailed in the petition in the Florida disciplinary proceeding and its accompanying investigator's affidavit. The allegations therein indicate that respondent's clients filed 19 inquiry/complaints against him with the Florida Bar, demonstrating an ongoing pattern of misconduct.
Respondent solicited legal services using his business website. Upon being retained, respondent's firm collected a nonrefundable retainer fee, permissible in Florida, from the client. After obtaining the retainer fee, respondent performed minimal or no work on the client's case.
In addition to failing to provide services, respondent failed to return calls, file time sensitive documents, appear in court, and respond to opposing counsel. Respondent also failed to honor scheduled telephone or virtual conferences with his clients. When respondent's services were terminated, he billed clients for unpaid portions of the retainer fee, for additional work he allegedly did, and for notices of appearances and motions to withdraw which he filed after his termination.
Respondent reported clients who did not pay the fees he demanded to collection agencies, thus negatively affecting their credit. When clients complained to the Florida Bar and posted negative reviews of respondent on the Better Business Bureau's website, there were instances in which respondent billed the clients for his time answering the complaints.
Florida court records for respondent's cases indicated at least nine matters with docket entries or pleadings identifying hearings, filings, or deadlines respondent missed. The court filings also revealed that respondent's failure to update his virtual office addresses with the courts resulted in court communications being returned as undeliverable.
Respondent's misconduct was not solely directed at clients. In one instance respondent represented a construction company in a payment dispute. Despite knowing that his client was unlicensed and thus not entitled to assert a lien under Florida law, respondent improperly filed a lien against the complainant and a third-party property owner.
On one occasion respondent failed to appear at a federal court hearing, claiming he did not receive notice of it. This was due to his failure to keep his email address updated with the court. The court imposed monetary sanctions. As of the filing date of the Florida Bar's petition for emergency suspension, respondent had not paid the sanctions.
The Florida Bar's petition also cited the fact that respondent's website on which he advertised his legal services stated that he had "over 20 years of service" and was the recipient of an award naming him "best lawyer of 2023." However, respondent was admitted to the New York and Florida Bars in 2022 and has no other known bar memberships.
In a proceeding seeking reciprocal discipline pursuant to 22 NYCRR 1240.13(b), a respondent may raise the following defenses: (1) lack of notice or opportunity to be heard in the foreign jurisdiction constituting a deprivation of due process; (2) infirmity of proof establishing the misconduct; or (3) that the misconduct for which the attorney was disciplined in the foreign jurisdiction does not constitute misconduct in this state (see Matter of Milara, 194 AD3d 108, 110 [1st Dept 2021]).
Notwithstanding that respondent does not raise any of the above defenses, none applies. Respondent was afforded due process in Florida, where he received notice of the allegations against him and opposed the motion for his emergency suspension. Further, there is no infirmity of proof since the record in the Florida proceeding sufficiently supported the allegations of misconduct contained in the petition and investigator's affidavit. Those allegations were based upon conversations with respondent and his clients as well as documentary evidence. Finally, respondent's misconduct in Florida would also constitute professional misconduct in New York under rules 1.3(a) (reasonable diligence and promptness to client matters), 1.3(b) (neglect of client matters), 1.16(e) (declining or terminating representation), 7.1(a) (false, deceptive or misleading advertisement), 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation), 8.4(d) (conduct prejudicial to the administration of justice), and 8.4(h) (conduct that adversely reflects on a lawyer's fitness) of the Rules of Professional Conduct (22 NYCRR 1200.0).
As to the appropriate sanction to impose, as a general rule this Court defers to the sanction imposed by the jurisdiction in which the charges were originally brought because the foreign jurisdiction has the greatest interest in fashioning sanctions for misconduct (see Matter of Milara, 194 AD3d at 111; Matter of Tabacco, 171 AD3d 163, 165 [1st Dept 2019]; Matter of Blumenthal, 165 AD3d 85, 86 [1st Dept 2018]). Only rarely does this Court depart from the general rule (see Matter of Karambelas, 203 AD3d 75, 80-81 [1st Dept 2022]; Matter of McHallam, 160 AD3d 89, 92 [1st Dept 2018]).
An interim suspension is the appropriate sanction herein as it is commensurate with the discipline imposed in Florida and in accord with the relevant precedent (see e.g. Matter of Kort, 224 AD3d 15 [1st Dept 2024]; Matter of Carrillo, 219 AD3d 1 [1st Dept 2023]).
Accordingly, the AGC's motion for reciprocal discipline should be granted and respondent immediately suspended from the practice of law until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for reciprocal discipline, pursuant to Judiciary Law § 90(2) and 22 NYCRR 1240.13, is granted, and respondent, Michael Alexander Hurckes, is suspended from the practice of law, effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Michael Alexander Hurckes, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Michael Alexander Hurckes, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that, within 20 days of the date of service of this order, respondent Michael Alexander Hurckes, may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9[c]),
It is further Ordered that if respondent, Michael Alexander Hurckes, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith.
Entered: March 12, 2026